JOHN R. RECTOR ET AL. v. ERATH CATTLE COMPANY.

Delivered March 12, 1898.

1. **Trespass to Try Title—Deed—Description of Land.**
In trespass to try title where the land was described in a deed in plaintiff's chain by name of survey, number of acres, abstract number and name of county, this was sufficient.

2. **Same—Deed—Sufficiency.**
A deed conveying such title as is vested in the grantor by virtue of a certain sheriff's deed is, in trespass to try title, a sufficient conveyance of the legal title as against a mere trespasser.

3. **Same—Proving Execution of Deed.**
Where plaintiff's deeds were excluded because of defective acknowledgment, and there were no subscribing witnesses thereto, it was permissible for him to establish their execution by proof of the handwriting of the grantors.

APPEAL from Erath. Tried below before Hon. J. S. STRAUGHAN.

*W. W. Moores* and *Daniel & Keith*, for appellants.

*Frank & Young*, for appellee.

TARLTON, CHIEF JUSTICE.—In this action of trespass to try title the appellee, plaintiff in the court below, properly recovered from the appellants, defendants in the court below, the land in controversy, the J. H. Callahan 1476 acres survey, lying in Erath County, unless, indeed,

there be merit in one of the two assignments of error presented in the appellants' brief. These assignments we proceed to consider.

1. Among the muniments of title relied upon by the plaintiffs is the following:

"*The State of Texas, County of McLennan.*—Know all men by these presents, that whereas Simon Mussina, B. T. Duval, and J. C. Frazier, entered into an agreement on 29th day of October, 1875, by which the said Duval and Frazier was to control a certain judgment, Merriman & Dyer v. R. B. Kimball, and whereas B. T. Duval did as agent by both parties levy executions on lands in Erath, Hood, and McLennan Counties, and as agreed B. T. Duval did bid off and take sheriffs deed to him for joint stock of trade in said counties. And whereas we have this day made a division of all the lands owned by us in the several counties by drawing lot, and S. Mussina having drawn in the following land, to wit: The J. H. Callahan 1476, abst. No. 112. F. McMahan 240 acres abst. No. 339, 1000 acres out of the J. C. Corbin league. The R. B. Kimball 640 acre survey No. 27. East half of R. B. Kimball survey No. 28 of 640 suy. 320, all of the Isaac Millsap league & labor, abst. No. 333 save and except 1773½ seventeen hundred and seventy three and one half acres, which was drawn by said Duval and Frazier in said division. Duval and Frazier's 1773½ acres out of the said Millsap survey being bounded as follows: Beginning at the northeast corner of a 738 survey out of said Milsap survey by Kimball to James Wood and now owned in part by W. T. Long. Thence west to west boundary line of said Millsap survey. Thence north to the northwest corner of Milsap's L. & Labor and being the northwest corner of the said Duval & Frazier 1773½ survey out of the Millsap drawn this day in the division. Thence east far enough so that lines running south and west to place of beginning will contain the 1773½ acres. The above lands all being in Erath County, and for more particular description of the above land reference is hereby made to W. G. Waller, sheriff of Erath Co., deed which is of record in said Co., book G pages 112 & 113. Also James Martin, sheriff Erath Co., deed which is of record in said Co., in book G pages 616 & 17. Also the Thomas Thacker survey of two 17943/1000 000 labors in McLennan Co., more particular description is made to P. F. Ren, shff. deed to me of record in McLennan Co., book 24, pages 593-94-95. And whereas in said division of said lands S. Mussina became indebted to said Duval in the sum of six hundred and forteen & 44/100 dollars, and to the said J. C. Frazier in sum of five hundred fourteen 44/100 dollars, for which he has executed his two promissory notes of even dates with twelve per cent interest from date, and payable 12 months after date, and lien is retained on the described lands for the full payment of said notes, with interest.

"To have and to hold the described lands, to S. Mussina, his heirs and assigns forever, and it is understood that I only convey to the said

Mussina such title as vested in me by virtue of said shff. deeds, and nothing more.

"Given under my hand and seal this 9th day of March 1877.

"B. T. DUVAL.

"I, J. C. Frazier do hereby ratify the above deed made by said Duval to S. Mussina, this 9th day of March 1877.

"JAMES C. FRAZIER.

*"The State of Texas, County of McLennan.*—Before me, W. A. Taylor, a notary public in and for said county and State, personally appeared B. T. Duval and James C. Frazier, to me known, and whose names appears to the above and foregoing instrument of writing dated the 9th day of March A. D. 1877, and acknowledged that they had signed, sealed, and delivered the same, for all the purposes and considerations therein stated. In witness of all which I hereto sign my name officially, and affix my official seal at office in Waco, Texas, this 9th day of March, A. D. 1877.

[L. S.]    "W. A. TAYLOR,
"Notary Public, McLennan Co., Texas."

Upon the questions urged in connection with the introduction over the defendants' objection of the foregoing instrument, we hold that the land in controversy, viz., the 1476-acre J. H. Callahan survey in Erath County, is sufficiently described in the instrument, especially when read in connection with the deed and its registry therein referred to from W. G. Waller, the sheriff of Erath County, to B. T. Duval, which latter deed was introduced in evidence by the plaintiff and described the land as situated in Erath County, Texas, and as 1476 acres, abstract No. 112, originally granted to Richard B. Kimball, assignee of J. H. Callahan, situated on the waters of the Paluxy; the description being thus brought quite literally within that of the patent from the State, also introduced by the plaintiff, and being further aided by the introduction in evidence of the printed abstract book, showing that the abstract No. 112 is of the J. H. Callahan 1476 acres, in Erath County, patented to the assignee of J. H. Callahan, and also by the map of Erath County, showing that the Callahan survey is on the Paluxy creek, as called for in the patent.

We also hold that the instrument should be regarded as a conveyance. Indeed, it recites that the grantor conveys to Mussina such title as was vested in him by virtue of the sheriff's deed. Harlow v. Hudgins, 84 Texas, 111. We think that the instrument shows a conveyance by Duval, with a ratification by Frazier, and that the appended acknowledgment manifestly has reference to the conveyance and the ratification, reasonably regarded by the persons making the acknowledgment and by the officer taking it as one instrument. In any event, the legal title was in Duval, and as Frazier held but an equity it was not essential that he

should join in the deed, to effect a conveyance of the legal title. The conveyance of the legal title was sufficient as against the defendants, who appear to have been trespassers.

2. The appellee also relied upon two deeds, one from Simon Mussina to Jacob Mussina, and the other from the latter to Frank P. Putnam. It appears that the certificates of acknowledgment appended to these deeds were defective, in that each failed to show that the grantor was known to the officer who purported to take the acknowledgment. It also appears that there were no subscribing witnesses to either of these instruments. We do not regard the officer taking the defective acknowledgment as a subscribing witness, and under these circumstances we think the court properly permitted proof of the execution of the deeds, consisting in the testimony of the witness E. Mussina showing that he knew the grantors respectively in these deeds, that he was acquainted with the handwriting of each and both, and that he identified as genuine their signatures to these instruments.

These conclusions lead to an affirmance of the judgment, which is ordered.

*Affirmed.*

Writ of error refused.