## ELIZABETH HARLOWE ET AL. V. H. HUDGINS ET AL.

### No. 3260.

**Evidence — Deed.** — Appellants sued in trespass to try title. Title was shown in one Stephens. The appellants proving their heirship to Mrs. Elizabeth Graham, wife of John M. Graham, offered in evidence (used by consent without accounting for absence of originals) the record of a warranty deed from Stephens to J. M. Graham, and conveyance from J. M. to Mrs. Elizabeth Graham; this latter upon same page of the record (Book E, page 318 of records of deeds); and immediately after said deed, without any space or lines intervening, acknowledged before same officer on same day, the record in same handwriting and done with same pen and ink, and but a single file mark for said two instruments. The last instrument is as follows:

"Assignment.—I *assine* the within to Elizabeth Graham for value received of her the sum of fourteen hundred and sixty-three dollars and thirty-three cents, this April 11, 1843.                                           [Signed]   "J. M. GRAHAM.

Test: "JACOB BARNES,
            "N. D. GRAHAM."

This was acknowledged as follows:

"*Republic of Texas, County of Washington.* —Before me, John Gray, clerk of the County Court in and for the county aforesaid, came John M. Graham, and acknowledged to me that he signed over the above deed as therein expressed. Given under my hand and seal of office this 7th day of August, 1844.

[L. S.]                                        [Signed]   "JOHN GRAY, C. C. W. C."

The latter instrument was excluded. A nonsuit was taken and reinstatement refused. On appeal, *held:*

1. These facts are persuasive in producing a reasonable belief that the excluded instrument was in fact written on the deed from Stephens to Graham, and that it referred to the deed and land therein described. The testimony should have been submitted to the jury.

2. The certificate of acknowledgment is sufficient. Hart. Dig., art. 2777.

3. The words of the instrument sufficiently indicated the purpose to convey.

4. The reference to the within deed and land described gave it certainty.

APPEAL from Washington. Tried below before Hon. T. S. REESE, Special District Judge.

The opinion states the case.

*Bassett, Seay & Muse*, for appellants.—The court erred in excluding the instrument offered in evidence by the plaintiffs, purporting to be an assignment to Elizabeth Graham by John M. Graham of the deed executed to him by James Stephens, as shown by the plaintiff's bill of exceptions in that behalf. [See opinion.] It is submitted:

1. That it sufficiently appeared from the juxtaposition and connection of said instruments on the record and the date of their acknowledgment and record, and from the fact that both were taken and recorded by the same officer and apparently at the same time and with

the same pen and ink, and that there was no separate file mark upon the assignment, and but a single file mark upon the instrument as a whole, and other circumstances attending the transaction, as shown by the record, that said assignment was in fact indorsed on said deed and identified therewith.

2.   That said record and other circumstances tended to establish title in the plaintiffs, and were therefore admissible in evidence; and even if not sufficient in and of themselves to show title, the jury might have found therefrom in connection with other evidence that said assignment was in fact indorsed upon and identified with said deed, and the objection thereto would go rather to the weight than to the admissibility of the evidence, and the same was therefore improperly excluded.

3.   If indorsed upon and identified with the deed by which the title was vested in John M. Graham, his assignment thereof to Mrs. Elizabeth Graham was sufficient to vest the title in her, and the objection that the instrument was void for uncertainty was untenable.   Hart. Dig., art. 169; 4 Kent's Com., 461; Burr. on Assign., sec. 1, notes 1 and 3; 1 Dev. on Deeds, secs. 20, 174.

4.   The acknowledgment was in compliance with the then existing statute relating to acknowledgments, and defendant's said objection to the admissibility of said instrument was not well taken.   Act of February 5, 1841, sec. 21; Hart. Dig., art. 2777.

*Searcy & Garrett* and *M. M. Kinney*, for appellees.—1.   The instrument offered in evidence by the appellants, and which was excluded by the court on objection of appellees, was void for uncertainty, and there was no error in the court excluding the same.   Wright v. Lancaster, 48 Texas, 254, 255; Norris v. Hunt, 51 Texas, 614; Steinbeck v. Stone, 53 Texas, 386; Bentley Heirs v. De Forest, 2 Ohio, 217; Pierson v. Doe, 2 Ind., 123.

2.   An instrument relied upon as being sufficient to convey land should describe the land attempted to be conveyed, or refer with certainty to some instrument that does.   Each instrument must be sufficient in itself.   Wofford v. McKinna, 23 Texas, 36; Steinbeck v. Stone, 53 Texas, 386.

3.   The acknowledgment to said instrument is not such as to entitle it to record.   It shows that J. M. Graham acknowledged to have signed over the above deed, and not the land.   Bentley's Heirs v. De Forest, 2 Ohio, 217.

*M. M. Kinney*, also for appellees.—1.   The forms and requisites of the laws of Texas in regard to conveyances must be substantially complied with to make a valid conveyance.   Among the essential parts

of a deed are words of conveyance appropriate to convey an estate in lands, and the nature of the estate conveyed in reference to the quantity of interest, the time of enjoyment, or conditions annexed.

2.   To make an effectual conveyance there should be proper and sufficient words manifesting an intention to transfer an estate. Where the words "sign over" are the only expression from which an intention to convey might be assumed, the instrument will not operate as a grant.  Hart. Dig., art. 170; Wright v. Lancaster, 48 Texas, 250; Oakey v. Bennett, 11 How., 44, 45; 1 Dev. on Deeds, sec. 211.

3.   In order to make a valid record of a deed or other instrument upon the acknowledgment of the grantor, at the date alleged, to-wit, August, 1844, it was necessary for the parties signing the same to acknowledge the instrument, and for that fact to be certified to by the clerk.   Hart. Dig., art. 2777.

FISHER, JUDGE, *Section B.*—This is a suit of trespass to try title, brought by appellants against appellees, for certain lands described in the petition.   Appellees pleaded not guilty, and the three, five, and ten years statutes of limitations.   It is admitted that William B. Travis and Robert E. Handy are the original grantees of the land, and that both plaintiffs and defendants respectively claim title under them, and that they are common source.   It is admitted that appellants are the children and heirs of Mrs. Elizabeth Graham, wife of John M. Graham, and that the said Elizabeth and John M. Graham are both dead.   Appellants as title introduced in evidence:   1.   The record of a deed from R. E. Handy to James Stephens, whereby Handy conveyed all his interest in the lands; the deed dated October 23, 1838.   2.   Deed executed by James Stephens to John M. Graham, dated October, 1841, and recorded August 7, 1844.

The appellants offered to read in evidence from the records of Washington County the following instrument, to-wit:

"*Assignment.*—I *assine* the within to Elizabeth Graham for value received of her, the sum of fourteen hundred and sixty-three dollars and thirty-three cents, this April 11th, 1843.

[Signed]    "J. M. GRAHAM.
   Test:   "JACOB BARNES,
             "N. D. GRAHAM."

"*Republic of Texas, County of Washington.*—Before me, John Gray, clerk of the County Court in and for the county aforesaid, came John M. Graham, and acknowledged to me that he signed over the above deed as therein expressed.   Given under my hand and seal of office this 7th day of August, 1844.

   [L. S.]                    [Signed]   "JOHN GRAY, C. C. W. C."

To which instrument the appellees objected: first, because said instrument was void for uncertainty; second, because there was nothing on said record to show to what deed the alleged assignment had reference; and third, because the acknowledgment was not sufficient to admit said instrument to record. Which objections the court sustained, and excluded said instrument.

Upon the refusal of the court to admit this instrument in evidence the appellants took a nonsuit, and judgment was thereupon entered dismissing the case, with judgment for costs against appellants. It appears that the parties to the suit all agreed that copies of deeds found in the records of Washington County might be read in evidence without accounting for the originals, and without filing and giving notice thereof.

The appellants presented a motion to set aside the nonsuit and judgment dismissing the case, and that it be reinstated on the docket. The court overruled the motion. The refusal of the court to admit this instrument in evidence and the overruling of the motion to set aside the judgment dismissing the case, are the only questions determined in this opinion.

Appellants in their motion to set aside the nonsuit and reinstate the case say, that they were surprised at the ruling of the court in excluding said instrument, and that they will be able to show on another trial, by one Napoleon Graham, a subscribing witness to said instrument, that it was indorsed on the deed from James Stephens to John M. Graham, and that it referred to the land mentioned and described in said deed; that the witness Graham resides in the State of Washington, and that his affidavit in evidence can not be procured at the present term, but will be secured at the next term.

It appears from the statements of the bill of exceptions made and offered to the action of the court in excluding this instrument, that it is recorded on page 318 of book E, being the same page on which the record of the deed from Stephens to Graham is found, and that it follows immediately after said deed without any space or line intervening; that both instruments purport to be acknowledged before the same officer and on the same day; that the record of both is apparently in the same handwriting and done with the same pen and ink; that there is but a single file mark on the record of said instruments.

These facts are very persuasive in producing a reasonable belief that the excluded instrument was in fact indorsed and written on the deed from Stephens to Graham, and that it referred to the deed and the land therein described. At least the circumstances were of sufficient importance to entitle the fact as to what deed, if any, the instrument referred to should be submitted to the jury and passed upon by them. The court could not as a matter of law determine that this instrument did not refer and relate to the deed from Stephens to Graham. We think

the certificate of acknowledgment to this instrument is sufficient under the law in force at the time it was taken.   Hart. Dig., art. 2777.

It is apparent that it was the purpose of Graham to acknowledge that he signed the instrument for the purpose therein expressed.   The words "signed over the above deed" in the certificate of acknowledgment does not detract from the meaning we have given to the certificate. The words not only mean that he has transferred his right in the deed to which the acknowledged instrument refers, but that also he signed the instrument as therein expressed.

The difficult question we have in the case is the proper construction to be given to the excluded instrument.   The law in force at the time this instrument was executed gave a form of conveyance, but provided, that "other forms not contravening the laws of the land should not be invalidated."   The common law, which was also in force in this State at the date of this instrument, did not require the use of technical words in making a conveyance.   The employment of words sufficient to show a purpose and intent to convey is all that was required either by the statute or common law.   No precise technical words are required to be used in creating a conveyance; the use of any words which amount to a present contract of bargain and sale is all-sufficient.   Whatever may be the inaccuracy of expression or the inaptness of the words used in an instrument, in a legal view, if the intention to pass the title can be discovered the courts will give effect to it and construe the words accordingly.   The word assign is defined, "to make or set over to another; to transfer; as to assign property or some interest therein."   2 Black. Com., 326;  Black's Law Dic., 97.   The word assignment means, "the act by which one person transfers to another or causes to vest in another his property or an interest therein; the transfer or making over the estate, right, or title which one has in lands and tenements." Black's Law Dic., 97, 98;  Burrill on Assign., sec. 1.   The construction of instruments alike in many respects to the one before us was passed upon and considered in the case of Hutchins v. Carleton, 19 New Hampshire, 510.   In the opinion the court say:   "As to the words necessary to be used in a deed under our statute, a great latitude—at least a great liberality—has been allowed.   *   *   *   It may well be said, as is said in regard to deeds of bargain and sale, nothing can be more liberal than the rule of law as to the words requisite to create them.  'Assign and make over' are as effectual when a good consideration is expressed as 'quit my claim,' or many other forms that have been sanctioned as sufficient to raise a use or pass an estate.  'Assign' is, in the opinion of Chancellor Kent, tantamount to 'grant,' and effectual for all purposes of the deed of grant established by the statutes of the State of New York.   4 Kent's Com., 491, 492, in notes."   The word "grant," when used in an instrument, is construed as an operative word of conveyance.

The instrument before us mentions Elizabeth Graham as the grantee, and that the sum of $1463.33, the consideration stated, was received from her, and states, that "I assign the within to Elizabeth Graham." If it be true that this instrument refers to the deed executed by James Stephens to Graham, or was written and indorsed on the deed (which are facts to be passed on by the jury), then the words, "I assign the within," are effectual not only to pass the title to the paper upon which the deed from Stephens to Graham was written, but also to pass the title to the land described in the deed. Such was the evident purpose and intention of Graham in executing this instrument. This is gathered not alone from the use of the words "assign the within," but also from the consideration paid as stated in the instrument. If the word "within" refers to a certain deed, and it is produced, and it appears therefrom that it conveys certain described lands, then the essentials of this instrument as a perfect conveyance—that is, the description of the land conveyed, which upon the face of this instrument is not given —is supplied and made perfect by the deed referred to. We think the instrument before us sufficient as a conveyance when aided by the "within" referred to.

We report the case for reversal.

*Reversed and remanded.*

Adopted March 22, 1892.

JUDGE GARRETT, being disqualified, did not sit in this case.