G. W. Wynne v. J. H. Admire et al.

No. 264.

1. **Variance — Allegation and Proof.**— Suit being on a note and mortgage, it was unnecessary for the plaintiff, in describing the mortgage, to state that it was made subject to a prior mortgage which had· been given to one who was not a party to the suit, and this omission did not constitute such a variance between the allegation and proof as authorized the exclusion of the mortgage as evidence.

2. **Immaterial Error.**—It is claimed that the exclusion of the mortgage was immaterial error. as the facts shown by defendants are sufficient to defeat the lien claimed by plaintiff; but some of the facts necessary to establish defendants' claim to the property were contested, and to require plaintiff to contend against these facts. with his mortgage excluded, was to force him into a one-sided trial in which he must necessarily lose.

3. **Rights of Assignee of a Note and Chattel Mortgage Before Maturity.**—An assignee of a note and chattel mortgage transferred before the maturity of the note, takes it unaffected by a verbal agreement between the mortgagor and mortgagee, by which a lien was attached to the property, and the mortgagee was authorized to take possession of and sell it in satisfaction of another debt which the mortgagor had placed upon it.

4. **Recitals as Notice.**—Recitals only give notice of the facts recited, and when a recorded mortgage of a particular date is referred to for fuller information, such recital could not operate as notice of a verbal extension of its scope; and the bill of sale in which the mortgage was referred to could only be notice with respect to the property which passed by it.

Appeal from Brazos. Tried below before Hon. W. W. Harman, County Judge.

*Talliaferro & Butler*, for appellant.—There was no variance between the mortgage set out in the petition and the one introduced in evidence. The allegation in the mortgage introduced as evidence, that it was subject to the Cranston mortgage, formed no part of the description of the mortgage or property.

*H. H. Boone*, for appellees.—1. There was a variance between the mortgage set out in plaintiff's petition and the one offered in evidence by plaintiff, and the court did not err in sustaining the objection to its introduction in evidence.

2. But even if there was error in the ruling of the court complained of, it was immaterial, and worked no injury to plaintiff, for the result of the trial must have been the same had plaintiff been allowed to introduce in evidence the mortgage from Admire to Cox.

3. Plaintiff may have been an innocent purchaser of the note before maturity, but the note and mortgage were of different dates and distinct. transactions; and although he may have been an innocent purchaser of the note before maturity, it does not follow that he acquired by the purchase of the note such a lien under the mortgage of a subsequent date as would give him a priority of lien thereunder over the recorded mortgages in favor of Dawson, and regardless of the character of title of those who were in possession of the property at the time the mortgage was executed. Steffian v. Bank, 69 Texas, 513; Spurlock v. Sullivan, 36 Texas, 511.

WILLIAMS, Associate Justice.—Appellant brought this suit to recover of J. H. Admire the amount due on a note of the latter, given to W. D. Cox, December 12, 1889, for $375, and to foreclose a mortgage, of date August 12, 1890, also given by Admire to Cox to secure the note, upon an undivided one-half interest in a printing press and job press; appellant alleging that he had bought the note and mortgage before the maturity of the former.

A. J. Buchanan and A. W. Buchanan were made defendants, as claimants of the mortgaged property, and a decree of foreclosure was asked against them.

Defendant Admire defaulted, and judgment was rendered against him for the amount of the note. The other defendants defended, claiming that they had the title to the mortgaged property superior to the lien asserted by plaintiff.

Upon the trial, when plaintiff offered his mortgage in evidence, it was objected to by defendants and excluded by the court, upon the ground that there was a variance between it and the allegations in the petition. The mortgage, by its terms, was made subject to a prior one upon the same property in favor of Cranston & Co., and plaintiff, in declaring upon it, omitted any allegation of that provision. This was held to constitute a variance, and such holding is assigned as error. We think the assignment is well taken. The mortgage, so far as its provisions affected the rights of the parties to this action, was sufficiently described. Cranston & Co. were not parties to the suit, and it was not necessary for plaintiff to mention in his pleadings the provisions in their favor.

After his mortgage was excluded plaintiff offered no evidence in support of his rights under it, and it would have been of no avail for him to have done so. He had no hope of an enforcement of such rights without his mortgage before the court and jury.

Notwithstanding this, the defendants were allowed to proceed, and to develop the facts under which they sought to free the property from the operation of the lien asserted by plaintiff, and, under the rulings of the court, succeeded in obtaining a verdict in their favor, establishing their claim to the property. And it is now contended, that inasmuch as the facts thus shown are sufficient to defeat the lien claimed by plaintiff, the ruling of the court in excluding the mortgage was immaterial, and wrought no injury to the plaintiff, and that the judgment should therefore be affirmed.

It is, perhaps, a sufficient answer to this, to point out that some of the facts necessary to the establishment of defendants' claim to the property were contested; and to require plaintiff to contend before the jury about these facts, with his mortgage excluded, was to force him, as it were, into a one-sided trial, in which he could not possibly win, but must necessarily lose. For without the mortgage in evidence, no verdict or judgment could have been rendered in his behalf enforcing it, though the controverted facts had been found in his favor; while, if this proceeding be sanctioned, a verdict in favor of his antagonists is to be treated as binding upon him. Thus the error of the court in excluding the mortgage necessarily put him at disadvantages in the trial of the issue before the jury.

But waiving this view of the case, the appellees, in order to make good their contention that appellant sustained no injury by the ruling in question, must unquestionably assume the burden of showing affirmatively that under no state of facts which appellant could have established under his pleading could he have succeeded in maintaining a right against them under the mortgage; for with that document excluded, appellant was under no obligation to further develop the facts upon which he relied to secure a foreclosure, as none which he could have shown would have availed him.

The facts shown by appellees are as follows: On the 28th day of June, 1889, W. D. Cox bought of D. D. Dawson an undivided one-half interest in all of the property belonging to the office of the Brazos Pilot, a newspaper published at Bryan, giving his notes for the purchase money, and a mortgage on the property purchased to secure them, in which power was given to Dawson, in case of breach of contract on the part of Cox, to take possession of the property and sell it, either at public or private sale. This mortgage, by its terms, embraced only the property then in the office and rooms where the paper was published.

On December 12, 1889, Cox conveyed to defendant, J. H. Admire, one-sixth interest in the property belonging to the publishing company, for which the note sued on was given.

On the same date Cox gave to Dawson another mortgage conveying this one-sixth interest. This mortgage has no effect upon this appeal, as

it has never been enforced and does not include the property in controversy.

About January 1, 1890, Cox, Admire, and Buchanan, the then owners of the concern, having sold the newspaper printing press and job press which had been in the office at the time of the sale by Dawson to Cox, purchased and placed in the office a new printing press and job press.

It is shown that Dawson consented to the sale of the old presses, but there is a conflict of testimony between him and Cox as to the conditions upon which he did so; the former stating that it was agreed that the new presses should take the place of the old under the first mortgage given to Dawson, and become subject to it, and the latter claiming that there was no such agreement, but that Dawson agreed unconditionally to the sale of the old presses.

On May 4, 1890, Cox conveyed to J. H. Admire and A. W. Buchanan one-third interest in the property connected with the paper, reciting that Cox and Admire assume all indebtedness of the paper and protect Cox from liability for same, and that the sale is subject to the first mortgage given by Cox to Dawson, describing same, and that it is a mortgage given on the property therein conveyed, and that Admire and Buchanan assume the unpaid notes due to Dawson.

On August 12, 1890, J. H. Admire gave to Cox, to secure the note which he had given for the one-sixth interest in the property, and which is the one sued on, the mortgage declared on, upon an undivided half-interest in the new presses which had been put into the office.

On September 13, 1890, Admire released to Dawson all claim to the property acquired by him by his purchase from Cox of December 12, 1889.

On September 13, 1890, Admire and Buchanan released to Dawson the property received from Cox by conveyance of May 17, 1890.

On November 14, 1890, Dawson, in the exercise of the power conferred by the mortgage to him from Cox of date June 28, 1889, two of the notes secured by that instrument remaining unpaid, sold all of the property connected with the paper, including the new presses, to A. J. Buchanan.

Under that conveyance defendants claim that the property is discharged of all lien imposed by the mortgage sued on.

Plaintiff bought the note and mortgage sued on from Cox before the maturity of the former.

From this statement it will be seen, that the prior mortgage given by Cox to Dawson, under which defendants claim, did not embrace the property upon which plaintiff is asserting a lien. That mortgage described as its subject the property then in the office and rooms where the paper was published, and referred to an inventory and a book in which a list of such property was then contained.

If a lien attached to the property subsequently bought, it was by a verbal agreement between the mortgagor and mortgagee. This would not affect a subsequent mortgagee of such other property for value without notice; and though the subsequent mortgagee had notice or advanced no consideration sufficient to protect him, an assignee of the note purchasing from such mortgagee before maturity, for value and without notice, would take the mortgage unaffected by such a verbal agreement as is supposed. Jones on Chat. Mort., 501, 513, note 2.

Whether plaintiff was such an innocent purchaser or assignee of the note and mortgage given by Admire to Cox does not fully appear. It may be that he could have maintained such an attitude, had he been allowed to introduce his mortgage and other evidence in connection with it. Of this opportunity he was deprived by the ruling complained of.

It is contended by appellees, that plaintiff, inasmuch as he claims his mortgage lien under Admire, is chargeable with notice of recitals in the title papers under which his mortgagor claimed the property; and that the recital in the bill of sale from Cox to Admire and Buchanan of the prior mortgage to Dawson would charge plaintiff with notice of a lien in Dawson's favor upon the new presses, which were then among the property conveyed.

Admitting that plaintiff is to be charged with notice of the recital in the bill of sale, it must be conceded, we think, that such notice would extend only to facts recited or reasonably pointed to. The recital is of a mortgage of a particular date, and the record of it is referred to for fuller information. That instrument does not confer a lien on the property in controversy. In order to reach that, a verbal agreement is relied on, of which nothing is said in the bill of sale. We think the recital could operate as notice only of the mortgage referred to as it existed, and not of any verbal extension of its scope.

But even upon appellees' contention, the notice claimed would be conveyed only with respect to the property which passed by the bill of sale. This was only a third-interest in the concern, whereas plaintiff's mortgage covered a half-interest in the presses. It seems that Admire owned an interest in them which he did not get by purchase from Cox.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

Delivered September 28, 1893.