## H. S. White et al. v. Chastine McGregor et al.

### No. 773. Decided April 3, 1899.

**1. Registration—Notice.**

Though the language of Revised Statutes, article 4652, gives countenance to the doctrine that due registration of an instrument is notice to all the world, the rule is established by our decisions that registry of a deed is notice only to those who claim through or under the grantor. Rev. Stats., art. 4640. (P. 557.)

**2. Same.**

By subsequent purchasers, under article 4640, Revised Statutes, are meant only those the origin of whose title is subsequent to the title of the grantee in the recorded deed. (P. 558.)

**3. Same.**

The registration of a sheriff's deed to the property of C. was not notice by the record to a subsequent purchaser from one claiming title under a conveyance made by C. prior to the sheriff's sale. (Pp. 557-559.)

**4. Same—Fraud—Constructive Notice—Putting on Inquiry.**

If by the registration of the sheriff's deed (to the property of C.) constructive notice of such deed was given to W. (who bought after its registration, from one claiming under a conveyance made by C. to D. before the sheriff's sale), such constructive notice would not, in the absence of actual knowledge by W. of the sheriff's sale and deed, put W. on inquiry, or be the basis for presuming knowledge that the sheriff's sale was made under a claim that the previous conveyance by C. was in fraud of his creditors. (Pp. 559, 560.)

Error to the Court of Civil Appeals for the Fifth District, in an appeal from Dallas County.

White and wife sued McGregor and wife for the recovery of land, and had judgment, which, on defendants' appeal, was reversed and rendered for appellant. Appellee then obtained writ of error.

*Dickson & Moroney* and *Wm. H. Atwell,* for plaintiffs in error.

*Thomas & Turney,* for defendants in error.

GAINES, Chief Justice.—This was an action of trespass to try title brought by plaintiffs in error against defendants in error. The trial judge instructed a verdict for the plaintiffs, which was returned, and upon which judgment was accordingly rendered. Upon appeal, the Court of Civil Appeals reversed that judgment and gave judgment for the defendants.

Both parties claim under John Crum as the common source of their respective titles. The plaintiffs' title is as follows: 1. Deed from John to Jane Dickerson, his mother, dated April 23, 1884, and recorded on the same day. 2. Deed from Jane Dickerson and her husband to Reuben Crum, dated October 28, 1888, and recorded two days thereafter. 3. Deed from Reuben Crum and wife to Aura V. White, one of the plaintiffs, dated December 22, 1892, and recorded in December of the same year. The title of Mrs. McGregor is as follows: 1. A judgment of a justice court of Dallas County in favor of one Evans against John Crum for $55.75, rendered September 14, 1884. 2. Execution on the judgment and levy and sale by sheriff thereunder to Evans. The sale was made August 4, 1885, and the deed was executed and recorded the same day. 3. Devise by the will of Evans of the land in controversy to Mrs. McGregor, who was his daughter.

According to the findings of the Court of Civil Appeals, the conveyance by John Crum to Mrs. Dickerson, his mother, was made with the intent to defraud his creditors. On the other hand, they found that when Mrs. White purchased she paid value for the land without actual notice of any adverse claim. The deed to Mrs. Dickerson recited a consideration of $200 and that it was paid.

In determining the superiority of the respective titles, two questions present themselves: (1) Was the registration of the deed of the sheriff to Evans notice to Mrs. White, the plaintiff, of the existence of such deed? (2) and if so, should such constructive notice be deemed to give her notice also that the plaintiff in execution claimed that the deed from John Crum to his mother was fraudulent as to his creditors and therefore void?

The proposition is frequently announced that, under the registration laws, the proper record of an instrument authorized to be recorded is notice to all the world. Although the language of article 4652 of the Revised Statutes gives countenance to the doctrine as thus broadly stated, it has been decided by this court that the proposition is subject to important qualifications. For example, in Holmes v. Buckner, 67 Texas, 107, the court quote with approval the following language: "The registry of a deed is notice only to those who claim through or under the grantee [grantor] by whom the deed was executed." The doctrine was applied in the decision of that case, and the decision has been followed in subsequent cases. Lumpkin v. Adams, 74 Texas, 96; Jenkins v. Adams, 71 Texas, 1; Frank v. Heidenheimer, 84 Texas, 642. So also it is held in other jurisdictions that the record of a deed or mortgage is notice to subsequent purchasers from the same grantor, but not to prior purchasers. Doolittle v. Cook, 75 Ill., 354; Stuyvesant v. Hall, 2 Barb. Ch., 151. In the case last cited, the court says: "The whole object of the recording acts is to protect subsequent purchasers and incumbrancers against previous deeds, mortgages, etc., which are not recorded; and to deprive the holder of the prior unregistered conveyance or mortgage of the right which his priority would have given him at the

common law. The recording of a deed or mortgage, therefore, is constructive notice only to those who have subsequently acquired some interest or right in the property under the grantor, or mortgagor."

The decisions of our court above cited establish a rule of property, and we need not stop to inquire whether they are correct or not. The effect of the rule is to hold that practically article 4652 adds nothing to the law as it previously existed; and in determining the questions before us, we are brought back to the construction of article 4640. As to the matter in hand, the substance of that article is to declare a deed not duly recorded void as against subsequent purchasers for value without notice; and the question arises, what is meant by subsequent purchasers? Do the words mean all persons who purchase the land after the deed is recorded, or only those who are subsequent in the chain of title? If a grantor conveys the same property twice and the second grantee puts his deed upon record, is it notice to one who subsequently purchases from the first grantee? We think not. The record is not notice to the first grantee, for he is a prior purchaser. Nor do we think it was intended to be notice to any one who should purchase from him. In other words, we think the subsequent purchasers who are meant are only those the origin of whose title is subsequent to the title of the grantee in the recorded deed. It was so held in the State of New York under a statute apparently similar to that of this State. Hooker v. Pierce, 2 Hill, 650. The case is strikingly like the case before us. In that case, as in this, there was a conveyance by the person under whom both parties claimed. Subsequent thereto, the land was levied on as the property of the grantor by virtue of an execution against him, and was sold by the sheriff, who made a deed to the purchaser. The plaintiff, asserting title under the sheriff's deed, claimed that the prior conveyance by the defendant in execution was fraudulent as to his creditors and therefore void, and the defendant, who derived his title through the prior conveyance, claimed that he was a purchaser for value without notice of the sheriff's deed. The court held that although the latter deed was on record when he purchased, it was not notice to him. The opinion was by Mr. Justice Cowan, who, in speaking for the court, says: "We think the case at bar is distinguishable from Jackson v. Post in respect to the different character of the persons now claimed to be affected with notice, from those who were held to be affected in that case. There the persons held to be affected claimed under the common source of title by a grant, as we have noticed, subsequent to that under which their adversary claimed. And it is such subsequent purchasers alone to whom the registry acts extend. The language of these statutes so far as they affect deeds, is that, unless recorded, such deeds shall be void as against subsequent purchasers. When recorded, therefore, they have been held to operate as notice to such persons. The object of all the registry acts, however expressed, is the same. They were intended to affect with notice such persons only as have reason to apprehend some transfer or incumbrance prior to their own, because none arising after-

wards can, in its own nature, affect them. And after they have once, on a search instituted upon this principle, secured themselves against the imputation of notice, it follows that every one coming into their place, by title derived from them, may insist on the same principle in respect to himself. It is a general rule that when once a man has granted away his right, anything which he can do or say shall never be received to affect another claiming under him." In Jackson v. Post, 15 Wendell, 588, referred to in the opinion, there was a conveyance by one Merrick to his son, T. Merrick. Subsequently, the premises conveyed were levied upon under an execution against the grantor and sold and conveyed by the sheriff as his property, the purchaser having actual notice of the deed to T. Merrick, which, however, was not then recorded. The sheriff's deed was first recorded and then the deed to the son was recorded. It was held that notwithstanding the fact that the sheriff's deed was recorded before the record of the prior conveyance, purchasers under the sheriff's deed after the registration of both were affected with notice of the first deed. It seems to us that both decisions are correct. There are statutes in some of the States which give validity to the instrument although it be a second conveyance from the same grantor, provided it be first registered. But the statute of this State has never received that construction, nor do we think it was ever intended to have such an effect. A purchaser is bound to take notice of a deed from the grantor of his grantor prior to that under which his grantor claims, although the latter may be recorded first—for the statute does not regard the order in which the deeds appear upon the registry. But when one takes a conveyance from another who holds under the first deed from his grantor, such purchaser is not bound to look further for a subsequent deed from that grantor, for the reason that such deed is out of the chain of title under which he buys.

But conceding for the sake of the argument that the statute affected Mrs. White with notice of the sheriff's deed, then the second question arises: Did she have constructive notice that the deed from John Crum to his mother was fraudulent as to creditors?

The argument in favor of the affirmative presumably is that the fact that the creditor, after the conveyance to the mother had caused the land to be sold as the property of John Crum, suggests that he considered that conveyance fraudulent and was therefore sufficient to incite inquiry on part of a prudent purchaser. To this it may be answered that this is not necessarily so, because in point of fact the creditor may have caused the sale for the reason that he was not aware that his debtor had made a previous conveyance. But conceding for the sake of the argument that there is a suggestion of fraud in the fact of the sheriff's sale, there would be much force in the contention of the defendants in error provided it was shown that Mrs. White had actual notice of that sale. But she had no actual knowledge of the fact. If she had notice at all, it is the constructive notice of the statute. The effect of the statute of registration is to create a legal irrebuttable presumption on part of subsequent purchasers that they know of the existence of the duly recorded

deed. Now, to presume notice of the deed, and then from the face of it to presume that the land was sold by the sheriff because the prior deed of the defendant in execution was fraudulent, is to build one presumption upon another, which is never allowed. The decisions of our court are in accord with this view. Taylor v. Harrison, 47 Texas, 454; McLouth v. Hurt, 51 Texas, 115; Cooke v. Bremond, 27 Texas, 457; Word v. Box, 66 Texas, 596.

Our conclusion is that the plaintiff in error, Mrs. White, showed the better title, and therefore the judgment of the Court of Civil Appeals is reversed and that of the District Court is affirmed.

*Judgment of Court of Civil Appeals reversed.*
*Judgment of District Court affirmed.*