DELAY v. TRUITT. (No. 885.)*

(Court of Civil Appeals of Texas. Amarillo. Jan. 5, 1916.)

1. ACKNOWLEDGMENT ☞36—SUFFICIENCY.

An acknowledgment to an officer is sufficiently shown when the certificate shows that the person signing, "acknowledged" the instrument, though the words "to me" are omitted.

[Ed. Note.—For other cases, see Acknowledgment, Cent. Dig. §§ 181, 182, 184–198, 221–223; Dec. Dig. ☞36.]

2. VENDOR AND PURCHASER ☞231—ASSIGNMENT OF CERTIFICATE—RECORD AS NOTICE—STATUTE.

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 6831, providing that every recorder shall record all copies of titles recorded in the General Land Office presented for record, if attested with the seal of the office, and article 6842, providing that the record of 'any grant or instrument in writing, when properly acknowledged, shall be notice to all persons of the existence of such grant, the record of an assigned land certificate, which was a certified copy of the same recorded in the records of a county, with a proper acknowledgment of one of the assignors, was constructive notice to subsequent purchasers of the divestiture of that assignor's interest, though the transfer of the certificate was before location, and the registration of the certified copy was after patent, where the transfer clearly designated the certificate, to whom issued, the date of issuance, the number thereof, and the amount of land called for, and named the act under which it was earned.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 487, 513–539; Dec. Dig. ☞231.]

3. VENDOR AND PURCHASER ☞231 — REGISTRATION—TRANSFER OF CERTIFICATE—SUFFICIENCY OF DESCRIPTION.

Where a deed was written on the back of the original patent to the land and its record immediately followed a registration of the patent, the registration of the deed could not be excluded on account of alleged insufficiency of description.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 487, 513–539; Dec. Dig. ☞231.]

4. ACKNOWLEDGMENT ☞25—WIFE'S CONVEYANCES.

While the statutes prior to 1879 did not require that a married woman's conveyance of her personal property should be in writing, yet, if such conveyance was in writing, it was required to be properly acknowledged, and otherwise was void.

[Ed. Note.—For other cases, see Acknowledgment, Cent. Dig. §§ 133–148; Dec. Dig. ☞25.]

5. ACKNOWLEDGMENT ☞36 — POWER OF ATTORNEY—SUFFICIENCY.

The acknowledgment to a power of attorney to receive a land certificate and to transfer the maker's interest therein, failing to recite that the maker "willingly" signed the power, if the acknowledgment of a single woman, was sufficient.

[Ed. Note.—For other cases, see Acknowledgment, Cent. Dig. §§ 181, 182, 184–198, 221–223; Dec. Dig. ☞36.]

6. HUSBAND AND WIFE ☞267—COMMUNITY PROPERTY—CONVEYANCE BY HUSBAND—EFFECT.

A deed of a husband, properly acknowledged and recorded, conveyed the community interest in the property.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 896, 929–938; Dec. Dig. ☞267.]

---

**7. ACKNOWLEDGMENT** ⬥47 — MARRIED WO-
MAN'S DEED—DEFECT—CURATIVE STATUTE.

Act April 23, 1907 (Acts 30th Leg. c. 165),
providing that every written instrument which
has been or may be recorded after being ac-
knowledged as provided by law, and every in-
strument which shall be actually recorded for
10 years, whether properly acknowledged or not,
shall be admissible in evidence without proof
of execution, related only to the admissibility
of deeds in evidence, and not to the validity of
conveyances, such as the sufficiency of a mar-
ried woman's conveyance, where a proper ac-
knowledgment is necessary to convey the title.

[Ed. Note.—For other cases, see Acknowledg-
ment, Cent. Dig. §§ 235–240; Dec. Dig. ⬥47.]

**8. VENDOR AND PURCHASER** ⬥242 — BONA
FIDE PURCHASER—EQUITABLE TITLE—BUR-
DEN OF PROOF.

The holder of an equitable title has the
burden of showing that a subsequent purchaser
invested with the legal title is not an innocent
purchaser.

[Ed. Note.—For other cases, see Vendor and
Purchaser, Cent. Dig. §§ 603–605; Dec. Dig. ⬥
242.]

**9. VENDOR AND PURCHASER** ⬥242 — BONA
FIDE PURCHASER—BURDEN OF PROOF.

Parties claiming under a subsequent deed,
as against a prior deed of their grantor, have the
burden of showing that they are innocent pur-
chasers.

[Ed. Note.—For other cases, see Vendor and
Purchaser, Cent. Dig. §§ 603–605; Dec. Dig.
⬥242.]

**10. VENDOR AND PURCHASER** ⬥238 — BONA
FIDE PURCHASER—SUBSEQUENT PURCHASER.

Where an innocent purchaser places his
deed on record first, a purchaser from him would
acquire title, though he was not an innocent pur-
chaser.

[Ed. Note.—For other cases, see Vendor and
Purchaser, Cent. Dig. §§ 580–582; Dec. Dig.
⬥238.]

**11. VENDOR AND PURCHASER** ⬥231 — BONA
FIDE PURCHASER—INQUIRY.

A purchaser is required only to look for
conveyances made prior to his purchase by his
immediate vendor, or by any remote vendor
through whom he derived his title.

[Ed. Note.—For other cases, see Vendor and
Purchaser, Cent. Dig. §§ 487, 513–539; Dec.
Dig. ⬥231.]

Appeal from District Court, Swisher Coun-
ty; R. C. Joiner, Judge.

Action by J. H. Truitt, Sr., against James
R. Delay. Judgment for plaintiff, and de-
fendant appeals. Affirmed.

Martin, Kinder, Russell & Zimmermann, of
Plainview, for appellant. Davis & Davis, of
Center, and Culton & Taylor, of Tulia, for
appellee.

HENDRICKS, J. On the 1st day of May,
1875, the Commissioner of the General Land
Office issued certificate No. 48 to S. J. Arnold
and Angelina M. Barrett, in consideration of
work performed in "opening and cleaning"
the Angelina river. The certificate was lo-
cated August 30, 1875, and the patent was
issued the 17th day of October, 1876, vesting
the legal title in the original holders of the
certificate. On the 15th of February, 1875,
Angelina M. Barrett executed a power of at-
torney to S. J. Arnold, for the purpose of au-

thorizing him to receive the land certificates
earned by them, for the work mentioned,
from the Land Office, and transfer her in-
terest in the certificates after having been
received. On the 19th day of May, 1875, S.
J. Arnold, for himself, and as attorney in
fact for Angelina M. Barrett, before the lo-
cation of the land, purported to convey in
writing the whole of said certificate No. 48
to Joshua H. Truitt, the appellee herein.
This transfer described the certificate as—
"No. 48, for 640 acres of land, issued by the
Commissioner of the General Land Office, on the
first day of May, 1875, to S. J. Arnold and A.
M. Barrett, as contractors for opening and clean-
ing out a channel in Angelina river, in accord-
ance with an act to improve the navigation of
the Sabine, Nechus and Angelina rivers and
Pine Island bayou, in the state of Texas, ap-
proved April 29, 1874."

On the 27th day of May, 1879, after the is-
suance of the patent, Lyne T. Barrett and
Angelina M. Barrett, as husband and wife,
executed a deed reciting that—
"for and in consideration of the sum of $200.00,
paid to us by Joshua H. Truitt, * * * for
two land certificates, issued May 1st, 1875, by
the Commissioner of the General Land Office,
* * * and numbered respectively 31 and 48,
have this day of the date hereof, sold, transfer-
red and conveyed, and by these presents do
sell, transfer and convey, unto the said J. H.
Truitt, all the right, title and interest and claim
that we have in and to the land described in
the within patent,"

—the instrument closing with a special war-
ranty. The foregoing deed was properly ac-
knowledged by the husband, but improperly
acknowledged by the wife, in that the cer-
tificate fails to recite that she "willingly"
signed the instrument, and fails to use any
equivalent expression synonymous with said
term. Tiemann v. Cobb, 35 Civ. App. 289,
80 S. W. 250 (writ of error denied). This
instrument was recorded May 7, 1900, in the
deed records of Swisher county.

The acknowledgment of Angelina M. Bar-
rett to the power of attorney executed to S.
J. Arnold is in the same condition with ref-
erence to defective acknowledgment as the
deed last mentioned. Arnold's acknowledg-
ment, however, is in substantial compliance
with the statute.

As we construe the record, the instrument
registered in the deed records of Swisher
county, evidencing the transfer of the cer-
tificate from S. J. Arnold and Mrs. Barrett
to Truitt, was a certified copy by the Com-
missioner of the General Land Office of the
original transfer on file in his office. This
copy was recorded May 3, 1900, in the deed
records of Swisher county. The foregoing
constitute the documentary title of Truitt,
the appellee.

The trial court peremptorily instructed
the jury in favor of Truitt, to which appel-
lant objected and properly excepted, on the
grounds that the transfer of the certificate
was not properly acknowledged, and the deed
from Barrett and wife did not describe the

land; that the record did not show a deed or transfer which would convey the interest of Arnold and Barrett; and, second, if title vested in Truitt, the same was not exhibited by the record, and the court had no right to assume notice to Delay as a matter of law.

The appellant Delay also objected to the introduction of the transfer of the land certificate on the grounds of defective acknowledgment and insufficient description, and likewise objected to the introduction of the deed of Barrett and wife, and the record of same, on the same grounds.

[1] An acknowledgment to an officer is sufficiently shown when the certificate shows that the person signing, "acknowledged" the instrument, though the words "to me" are omitted. Hays v. Tilson, 18 Civ. App. 610, 45 S. W. 479 (writ of error denied).

[2] Article 6831, Vernon's Sayles' Civil Statutes, prescribes:

"Each recorder shall record. all copies of titles recorded in the General Land Office presented for record; provided, such copies are attested with the seal of the General Land Office."

Article 6842 recites that—

"the record of any grant, deed or instrument of writing authorized or required to be recorded, * * * (when properly acknowledged) shall be taken and held as notice to all persons of the existence of such grant, deed or instrument."

The record of the land certificate, with a proper acknowledgment of S. J. Arnold, it being a certified copy of same recorded in the deed records of Swisher county, affords constructive notice to subsequent purchasers of the divestiture of Arnold's interest, purchasing subsequent to the date of the record, though it is a transfer before location, and the registration of the certified copy of transfer was after patent. The transfer clearly designated the certificate—to whom issued, the date of issuance, the number of same, the amount of land called for—and named the act under which it was earned. The location of the land, and the patenting of same, if there were no intervening claims under the law, inured to the benefit of the transferee of the certificate, and in this instance placed the equitable title (at least of S. J. Arnold) in said transferee. Abernathy v. Stone, 81 Tex. 430, 16 S. W. 1102.

If there had been a warranty in the transfer of the certificate to Truitt, the subsequent location and patenting of the land would have carried with it the legal title, at least of Arnold, to the assignee of said certificate, though the patent was issued in the name of the original state's grantee of said certificate. Barroum v. Culmell, 90 Tex. 93, 37 S. W. 313; Miller v. Gist, 91 Tex. 335, 43 S. W. 264, 265; Baldwin v. Root, 90 Tex. 546, 40 S. W. 3. The last authorities mentioned, particularly Barroum v. Culmell and Miller v. Gist, in connection with the decision in Abernathy v. Stone, 81 Tex. 430, 16 S. W. 1102, exhibit the distinction.

[3] As to the description in the deed from Barrett and wife, assigned as insufficient, the proof showed that the instrument was written on the back of the original patent to the land. The record of this deed from Barrett and wife to Truitt discloses that the deed immediately followed upon the records a registration of the patent, there being nothing whatever between the record of said patent and the record of the deed. The case of Harlowe v. Hudgins, 84 Tex. 107, 19 S. W. 364, 31 Am. St. Rep. 21, presents a record of a deed in such a similar condition, with some immaterial differences not necessary to note, as to constitute a controlling authority. It was there held error to exclude the registration of the deed on account of the alleged insufficiency of description.

The defendant, Delay, appellant herein, claims under a deed from Angelina Barrett and husband to T. C. Arnold; a deed from S. J. Arnold (one of the grantees of the certificate) and T. C. Arnold to John R. Arnold and R. H. Thompson; a deed from John R. Arnold to Thompson of the former's interest; a deed from R. H. Thompson to R. J. Dillard; from Dillard to A. L. Neal; and a judgment canceling a deed from A. L. Neal to him; said judgment establishing an equitable lien upon the land as a fund for reimbursement of money paid for said land. The deed from Barrett and wife to T. C. Arnold was executed in 1892, and placed of record in 1893. The deed from S. J. Arnold and T. C. Arnold to John R. Arnold and R. H. Thompson was executed in 1894, and placed of record the same year. The deed from John R. Arnold to R. H. Thompson, conveying an undivided interest, was executed October 16, 1912, and filed for record in Swisher county May 3, 1913. Appellee introduced the deed records of Swisher county (as well as the certified copy of the transfer of the certificate issued by the Land Commissioner and of the Barrett deed) without any objection, except as stated.

[4, 5] It is asserted that the land certificates earned by Mrs. Barrett with S. J. Arnold constituted her separate property. There is no basis in the statement of facts for that assertion unless it be said that at the time she signed the power of attorney she was a single and not a married woman. Appellant seems to concede in the brief that Angelina M. Barrett was a married woman at that time, and is for that reason questioning the certificate of acknowledgment to the power of attorney. It is the law that a married woman, if she purported to convey her personal property in writing, even with the consent of her husband, under the acts prior to the revision of 1879, which required the wife's written conveyance of personal property to be separately acknowledged and certified, that the instrument is void if not properly acknowledged as a married woman. Ballard v. Carmichael, 83 Tex. 355, 18 S. W. 734. The Statutes, prior to 1879, did not require the conveyance of her personal property to be in

writing (except slaves); but if in writing, it had to be properly acknowledged; otherwise the instrument was void. (Same case.) If at that time she was single, the acknowledgment was sufficient; if she were married when she acquired the certificates, in so far as this record shows, the same were community property.

[6] The deed of Lyne T. Barrett, her husband, properly acknowledged and of record, however, conveyed the Barrett interest in the land, it being presumptively community, and hence placed the title of that interest in Truitt unless acquired by T. C. Arnold and Thompson.

[7] We infer from appellee's brief that the contention is made that, the deeds having been of record more than 10 years, the defective acknowledgments are cured under the act of April 23, 1907 (Acts 30th Leg. c. 165). This act relates only to the admissibility in evidence of deeds not properly acknowledged, and not to the validity of conveyances, such as that of the sufficiency of a married woman's conveyance, where a proper acknowledgment is necessary to convey the title. Holland v. Votaw, 103 Tex. 534, 131 S. W. 406.

J. J. Dillard traded an equity in some property in Oklahoma to Thompson for the land. Thompson's deed to R. J. Dillard was made to the latter upon request of J. J. Dillard. If J. J. Dillard owned the property traded to Thompson, he was the beneficial owner of the title in R. J. Dillard; if he were acting as agent of R. J. Dillard, whatever J. J. Dillard knew would be imputed to R. J. Dillard. This record is conclusive that J. J. Dillard knew of Truitt's interest in the land before Thompson executed the deed to R. J. Dillard. He had actual as well as constructive notice. The record is silent as to any actual knowledge of Neal (who received a conveyance from R. J. Dillard) as to the title of Truitt to the land. Delay, however, was put upon notice before he purchased from Neal that a deed from Truitt was necessary to perfect the title. Neither is there any proof of any consideration paid by Neal for the land. A forged deed was delivered to Delay, purporting to convey the interest of Truitt to R. H. Thompson in the land.

R. H. Thompson testified that T. C. Arnold and John R. Arnold and himself knew of the transfer by S. J. Arnold of said certificate to Truitt before they became the recipients of the title. John R. Arnold and Thompson were associated, from 1888 to 1896, as partners in the abstract business. One J. M. Arnold, it seems, was the active agent in procuring the conveyance from S. J. Arnold and Barrett and wife, recorded in 1893 and 1894 respectively, and probably furnished the consideration. The deed to the property was taken in T. C. Arnold's name for the purpose of bringing a suit to recover the land on the theory of defective acknowledgments.

J. M. Arnold had the same notice; he was to get half if they recover in the suits. The consideration, we infer from some hearsay testimony, was a bunch of angora goats, but the number, the value of same, nor the value of the land at the time, are not stated. Referring to the Barrett deed, Thompson said: "I am not sure whether we had the deed before us or not, but I am under the impression that we did." This deed was not of record until afterwards, and is not shown to have been of record in any other county prior to the time the Arnolds and Thompson procured their title.

We have in this case an equitable title in Truitt to one half of the land from S. J. Arnold through the transfer of the certificate; also the whole title to the other half of the land by virtue of Barrett's deed to him, if, under the record made, it is entitled to precedence over Barrett's subsequent deed.

[8] The general rule is that the holder of an equitable title is burdened with the duty of showing that a subsequent purchaser, invested with the legal title, is not an innocent purchaser. T. C. Arnold and Thompson obtained the legal title from S. J. Arnold by a subsequent deed made after location and patent. If this litigation were between Truitt and the Arnolds and Thompson, without other complications, Truitt would recover upon his equitable title to one-half of the land, through the S. J. Arnold transfer, because the burden of proof would have been fully discharged. Baldwin v. Root, 90 Tex. 546, 40 S. W. 3.

[9] Upon the Barrett deed, prior in date, against T. C. Arnold and Thompson, the burden would have been upon them as subsequent purchasers to show they were innocent purchasers, which is not done in this instance, nor attempted. Watkins v. Edwards, 23 Tex. 448; Davidson v. Ryle, 103 Tex. 215, 124 S. W. 619, 125 S. W. 881; s. c., 102 Tex. 233, 115 S. W. 30.

We are not holding that notice of Truitt's interests, by Thompson and the Arnolds, by virtue of their knowledge of the S. J. Arnold transfer, before they acquired title, would also impute notice presumptively of the Barrett deed to Truitt, upon the doctrine of inquiry. The following cases seem to assert a contrary principle: Fire Ass'n of Phila. v. Flournoy, 84 Tex. 632, 19 S. W. 793, 31 Am. St. Rep. 89; Wynne v. Admire, 37 S. W. 33; s. c., 4 Civ. App. 45, 23 S. W. 418. We are not concerned with that principle.

[10] Of course, if Thompson and the other Arnolds, having placed their deeds of record first, had been innocent purchasers, Dillard would have acquired title, though he was not an innocent purchaser. The conveyances to Truitt having been placed of record from the common source, and being prior in date to the Thompson and T. C. Arnold deeds, and Delay being a subsequent purchaser, as well as Thompson and the other Ar-

nolds, and failing to show as to the Barrett title that they were innocent purchasers, and Truitt showing, as to the equitable title, that Thompson and T. C. Arnold were not innocent purchasers, the only escape for Delay would be to successfully maintain that Truit's conveyances going upon the record subsequent to the conveyances to Thompson and T. C. Arnold, Neal was not affected with constructive notice by the record of said deeds.

[11] It is true that, if the conveyances to Truitt had been subsequent in date, though going of record prior to the deeds to R. J. Dillard and Neal, they would not have been affected with the record notice of such deeds. The deeds would not have been in the chain of title. White v. McGregor, 92 Tex. 556, 50 S. W. 564, 71 Am. St. Rep. 875. Chief Justice Gaines reasons, however, in the same case, though dicta, that a prior deed, though subsequently recorded, is constructive notice to all subsequent purchasers from a grantor whose deed from the common source was second in execution and delivery, notwithstanding it was first upon the record. Same case, 92 Tex. 559, 50 S. W. 564, 71 Am. St. Rep. 875. He cites the New York decision of Jackson v. Post, 15 Wend. 588, and approves the holding of that court, which had just such a case under consideration as is presented here. In the case of Jackson v. Post, the second purchaser from the common source placed his deed of record anterior to the first vendee from the common grantor, but had notice of the first vendee's claim. The fourth subsequent purchaser from the second vendee of the common source paid value for the land without actual notice of the first vendee's deed. The latter's deed, however, being a prior one in date, though subsequent of record, and the holder of the second deed having notice of the first deed, all subsequent purchasers were further affected with notice afforded by the record, and would lose the land. In that case the questions of legal or equitable title and burden of proof were not involved. Chief Justice Brown said, in the case of Houston Oil Co. v. Kimball, 103 Tex. 108, 122 S. W. 540, 124 S. W. 85, that: "* * * A purchaser is required to look only for conveyances made prior to his purchase by his immediate vendor, or by any remote vendor through whom he derives his title"

—citing White v. McGregor, supra.

We think the trial court was correct in giving the peremptory instruction to the jury, and the judgment of that court is affirmed.