RIGGINS v. POST.    (No. 83–2876.)

(Commission of Appeals of Texas, Section B.
June 25, 1919.)

1. SCHOOLS AND SCHOOL DISTRICTS ⊂⊃18—
INVESTMENT OF FUNDS — MORTGAGES — RE-
LEASES—CONSTITUTIONAL PROVISIONS.

Where county commissioners' court released
one-half of a tract of land burdened with a
$21,000 school fund mortgage debt in favor of
the county from all but $10,500 of such debt,
the transaction not being in the nature of a
resale, but to prevent payment of the whole
mortgage, such transaction falls within the in-
hibition of Const. art. 7, § 6, and art. 3, § 55,
and is void.

2. EVIDENCE ⊂⊃450(8) — CONTRACTS — CON-
STRUCTION—EXTRANEOUS PROOF.

A contract for exchange of lands, limiting
purchasers' assumption of liabilities to $10,500,
held to fix the limit to that amount only, and
not ambiguous as manifesting a double intent
so as to warrant resort to extraneous proof of
intended obligation of parties.

3. EXCHANGE OF PROPERTY ⊂⊃4—CONTRACTS
—CONSTRUCTION—INCUMBRANCES.

In an action arising from alleged breach of
contract for exchange of lands, defendant's let-
ter at most held only an expression of willing-
ness to accept a legal release by the county
from a blanket mortgage and a purpose to
permit the method suggested by plaintiff if it
accomplished the ends demanded by the contract
in a manner meeting legal requirements.

Error to Court of Civil Appeals of Third
Supreme Judicial District.

Action by Sid Post against J. W. Riggins.
Judgment for plaintiff, and defendant ap-
pealed to the Court of Civil Appeals, which
affirmed the judgment (172 S. W. 210), and
defendant brings error. Judgment of the
Court of Civil Appeals and of the District
Court reversed, and judgment rendered for
defendant.

Neff & Taylor and J. E. Yantis, all of
Waco, and C. L. Black, of Austin, for plain-
tiff in error.

W. L. Eason, of Waco, for defendant in er-
ror.

SADLER, J. This suit arose out of a con-
tract for the exchange of lands made by Sid
Post and J. W. Riggins on the 11th day of
June, 1912. We refer to the opinion of the
Court of Civil Appeals, 172 S. W. 210, for a
statement of the case as made by that court,
and, to assist in a proper understanding of
the disposition which we shall recommend,
add the following statement to be taken in
connection with that contained in the opin-
ion by the Court of Civil Appeals:

The record discloses that the parties to the
suit agreed that the abstracts of title dated
September 19, 1908, and June 20, 1912, show-
ed a perfect record title to the west one-half
of the Cochran county land described in
plaintiff's petition to be in A. Holloway, and
a perfect title to the east one-half to be in
Sid Post, unless rendered bad by the facts
disclosed in a deed from Hemphill county to
John H. Traylor. This deed was dated Octo-
ber 3, 1902, and conveyed four leagues of
land in Cochran county, granted to Hemphill
county for school purposes, for the considera-
tion of $1,140 cash and Traylor's note for
$21,000, dated October 9, 1902, due in 40
years, bearing 5 per cent. annual interest,
containing the privilege of a prepayment of
all or any part of the principal in 10, 20, and
30 years, or within 10 days of said date.
The vendor's lien was retained against the
whole of the land to secure the payment of
this note. It was admitted that the interest
on the $21,000 had been paid and fully releas-
ed to November 26, 1912. It was admitted
that A. Holloway in the conveyance to him
assumed the payment of one-half of the $21,-
000 note, and that Sid Post in the conveyance
to him assumed the payment of the other
one-half.

It was further agreed by the parties to the
litigation, on the trial of the case, that a
supplemental abstract, dated November 26,
1912, being in continuation of abstracts dated
September 19, 1908, and June 20, 1912, to-
gether with the original abstracts, showed
a perfect record title to the west half of the
Cochran county land in A. Holloway, and a
perfect record title to the east half in Sid
Post; unless the title to the land was ren-
dered bad by the following facts, shown in
the abstracts, to wit: The order of the com-
missioners' court of Hemphill county, Tex.,
dated November 18, 1912 (shown in full in
the opinion of the Court of Civil Appeals),
wherein it was sought to segregate the in-
debtedness represented by the $21,000 note
and the lien reserved in the deed to Traylor,
so as to establish one-half of the debt rep-
resented by this note against the west half
of the land, and one-half against the east
half, thereby relieving each half from the
lien for the indebtedness established against
the other half. The jury found that the
plaintiff, Post, procured from Hemphill coun-
ty, within a reasonable time, such a release
of the blanket lien as was requested by the
defendant, Riggins, in his letter of September
24, 1912, copied in full in the opinion by the
Court of Civil Appeals.

The Court of Civil Appeals in its opinion
holds that the contract for the exchange
executed by Post and Riggins is ambiguous;
that parol evidence is admissible to assist in
the construction of the contract; and that
the evidence supports the finding of the jury
that when it was made it was agreed and
understood by the parties thereto that the

⊂⊃For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

defendant, Riggins, would take subject to the Hemphill county blanket lien.

Writ of error was granted by the Supreme Court in the view that the contract was not ambiguous.

## Opinion.

[1] Under our view of this record, and of the questions raised by the application for writ of error, which are the same that were presented on the trial and on the appeal, we are of opinion that the validity of the transaction consummated under the order of the commissioners' court of Hemphill county, made on November 18, 1912, is of controlling effect. If that order, and the closing of the transactions provided for therein, legally fixes $10,500 of the original $21,000 debt as a lien against the east half of the Cochran county land, so as to relieve that half from the lien for the $10,500 assumed by Holloway on the west half, then, in our opinion, the disposition of the case made by the district court of McLennan county is correct, and its judgment should be sustained.

It is contended by the plaintiff in error that this order of the commissioners' court is void; that all the acts of the parties done thereunder are void; and that the same does not in any wise relieve the land owned by Sjid Post from the lien securing the whole of the. $21,000· debt originally created in the sale to Traylor. Their contention is that the commissioners' court is without power to make this order and to carry out the same, because of the inhibition of section 6, art. 7, of the Constitution, as construed in connection with section 55, article 3, thereof.

Section 6, article 7, provides that:

"All lands heretofore or hereafter granted to the several counties of this state for educational purposes, are of right the property of said counties respectively, to which they were granted, and title thereto is vested in said counties. * * * Each county may sell or dispose of its lands, in whole or in part, in any manner to be provided by the commissioners' court of the county. * * * Said lands and the proceeds thereof, when sold, shall be held by said counties alone as a trust for the benefit of public schools therein; said proceeds to be invested in bonds of the United States, the state of Texas, or counties in said state, or in such other securities and under such restrictions as may be prescribed by law; and the counties shall be responsible for all investments," etc.

Section 55, article 3, declares that:

"The Legislature shall have no power to release or extinguish, or to authorize the releasing or extinguishing, in whole or in part, the indebtedness, liability or obligation of any corporation or individual, to this state, or to any county or other municipal corporation therein."

It is contended by the plaintiff in error that the transaction evidenced by the order of the commissioners' court is a reinvestment of the proceeds of the land in a manner prohibited by the Constitution. The Legislature has not provided any other method of investment, save that mentioned in the Constitution, so that if the transaction is to be treated as a reinvestment of the proceeds of the sale of school land by Hemphill county, then such investment is not in such securities as is authorized by the Constitution. It is contended that the power rested in the commissioners' court to sell the land upon such terms as the commissioners' court of the county might determine, but that, having once sold the land, it could not then release any portion of the land from the lien of the whole debt, without the payment of .the debt, and that the transaction undertaken is equivalent to a collection of the money due on Traylor's note and a reloan of it to Post and Holloway.

It is further contended that the transaction is equivalent to releasing and extinguishing the original debt as to Traylor, and to releasing and extinguishing the obligation resting upon Post and Holloway as to the lien existing against the whole land for the security of the whole indebtedness originally incurred. That it is therefore prohibited by section 55, article 3.

It becomes necessary, therefore, to construe these two sections, and to apply them as construed to the transaction sought to be declared illegal.

In the instant case, the Traylor note was not due. It provided for periods of optional payment. One of these periods had matured. The assumptors tendered payment of the note, unless the county would pursue the course evidenced by the order of the commissioners' court. The county could not demand payment of the note. There was no default on the part of the purchasers of the land. The power to resume the title by the county did not arise. The order was made, not in the nature of a resale, but to prevent payment. By that order Traylor was released from his liability on the whole note, and the land purchased by Holloway and Post was released from the blanket lien for the whole debt.

The transaction evidenced by this order of the commissioners' court falls within the inhibition of the Constitution as interpreted in Delta County v. Blackburn, 100 Tex. 51, 93 S. W. 419. The order of the commissioners' court, being void, did not affect the result contemplated by the parties.

[2] This brings us to the consideration of the contract of sale between Riggins and Post. Is the contract duplicitous or ambiguous, in failing to clearly express the obligation of Post to relieve the east half of the four leagues from the blanket lien and debt, so that Riggins could take it with only $10,-500 of the original purchase money evidenced by the Traylor note constituting a lien against it? We cannot discover where-

in the contract, in the particulars in which complaint has been made, fails to clearly express the intent of the parties. The language is clear. Its meaning is not doubtful. The subject-matter of the contract is patent. The indebtedness assumed by Riggins is not capable of being misunderstood. The assumption of $10,500 limits his liability to that amount only. To say that the contract may be construed as manifesting a double intent is forcing into it a construction beyond the import of the language used and its inherent significance. To say that it is possible to gather from the contract that Riggins may have intended to buy with a blanket lien over the land for $21,000 is reading into it something which is clearly against the import of its terms as expressed in clear and unambiguous language. There is nothing in this contract which indicates that either of the parties to it had in mind that the purchaser should take the property subject to a blanket lien or subject to a secondary lien for the $10,500 assumed by Holloway. The contract itself does not give rise to a resort to extraneous proof for ascertaining the intent and obligation of the parties.

When its terms as expressed are applied to the subject-matter to which it relates, it is clear that the land was being purchased with the view of the parties, as expressed in the contract to certain fixed debts existing against it; that is, debts for which this particular land alone stood as security. The marshaling of these debts in the contract exhibits the intention of the parties to deal with this land in such manner that no other debt, or obligation, or lien, than as set forth in the contract, should be chargeable to the purchaser; that upon the receipt of the deed to the property he should be the owner of same in fee simple, affected alone by the liens existing against it to secure the specific obligations which he contracted to assume.

Under no known rule of construction can it be said that there is room for pronouncing this contract of doubtful meaning, from its own terms, or when it is applied to the subject-matter in hand.

The duty devolved upon Post to clear the land of every obligation constituting a lien against it, other than the debts assumed by Riggins. He failed to meet this duty as to the $21,000 notes held by Hemphill county.

[3] The Riggins letter of September 24, 1912, is not to be construed as a waiver on his part of the obligation resting upon Post to relieve the land of the blanket lien in a legal manner. His letter, at most, is only an expression of his willingness to accept a legal release, and a purpose on his part to permit the method suggested by Post to be pursued, if it accomplished the end demanded by the contract, in a manner meeting the legal requirements.

The facts appear to have been fully developed upon the trial of the case. The disposition of the questions here discussed is decisive of the controversy.

We recommend that the judgment of the Court of Civil Appeals and of the district court be reversed, and that judgment be here rendered for the plaintiff in error.

PHILLIPS, C. J. The judgment recommended by the Commission of Appeals is adopted and will be entered as the judgment of the Supreme Court.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes