

# THE ATTORNEY GENERAL

## OF TEXAS

GERALD C. MANN

~~XXXXXXXXXXXXXXXXXXX~~
ATTORNEY GENERAL

AUSTIN 11, TEXAS

No. 3071

Opinion construing and holding:

1. That a commissioners' court does not have the authority to enter into an agrement either in or out of court to accept refunding bonds bearing a lower rate of interest in lieu of bonds held in the Permanent School Fund of the county.

2. That a commissioners' court does not have the authority to enter into an agrement either in or out of court to accept a discount of past due interest accrued on bonds held in the Permanent School Fund of the county.

---

July 14, 1939

Honorable E. A. Watson
County Attorney
Crosby County
Crosbyton, Texas

Dear Sir:

Opinion No. O-909
Re: Authority of a Commissioners' Court to enter into an agrement either in or out of court to accept refunding bonds bearing a lower rate of interest in lieu of bonds held in the permanent school fund of the county; and to accept a discount of past due interest accrued thereon.

We have your letter of May 30, 1939, requesting our opinion in answer to t'e following questions:

1. Can the Commissioners' Court legally enter into an agrement either in or out of the Federal District Court to accept refunding bonds bearing 3% interest in lieu of bonds now held?

2. Can the Commissioners' Court legally enter into any agreement either in or out of the Federal District Court to accept 50¢ on the dollar for all past due coupons, including the coupons due January 1, 1939, and July 1, 1939?

The facts underlying your questions are briefly as follows: The permanent school fund of Crosby County owns $15,000.00 City of Booker, Texas, Bonds, which were acquired as an investment for such fund pursuant to Section 6, Article VII, of the Constitution, and Article 2824 of the Revised Civil Statutes of 1925; that the bonds bear interest at the rate of 5-1/2 per cent per annum; that the interest due on said bonds is from four to six years' delinquent, and that $2,000.00 of the principal is likewise in default. Further, that suit thereon has been filed in Federal Court at Amarillo in an effort to collect such past due securities. This action has been taken in behalf of Crosby County and other creditors of the City of Booker who also hold matured and unpaid items of indebtedness. Further, the valuations of the City of Booker have been decreased by more than 50% since the indebtedness was created. Now, by way of adjustment, the City of Booker is proposing to issue refunding bonds bearing interest at the rate of 3%, and to liquidate the past due interest at fifty cents on the dollar.

The laws of Texas pertaining to the investment of permanent school funds impose a trust upon the counties to safeguard these funds, and only permit the use of the earnings therefrom for the operation of the schools; they likeqiese prescribe the type of investments that can be made with said funds.

With respect to lands granted the various counties for educational purposes, Section 7, Article VI, of the Constitution, provides, in part, that:

"Said lands and the proceeds thereof, when sold, shall be held by said counties alone as trust for the benefit of the public schools therein; said proceeds to be invested in bonds of the United States, State of Texas, or counties in said State, or in such other securities and under such restrictions as may be prescribed by law; and the county shall be responsible for all investments; the interest thereon and other revenue, except the principal, shall be available funds."

Article 2824 of the Revised Civil Statutes of Texas re-enacts the above law, and authorizes the investment of such proceeds in other bonds not theretofore authorized. The additional authorization under this Article included bonds of cities, towns and villages of this State.

Section 55, Article III, of the Constitution, states:

"The Legislature shall have no power to release or extinguish, or to authorize the releasing or extinguishing, in whole or in part, the indebtedness, liability or obligation of any incorporation or individual, to this State, or to any county or other municipal corporation therein."

In our opinion the foregoing law bears directly upon the proposition presented by your questions, and we find adequate authority therefor in the cases. See Delta County vs. Blackburn, 23 S.W. 418; Comanche County vs. Burks, 166 S.W. 470; Riggins vs. Post, 213 S.W. 600; and City National Bank vs. Eastland County, 12 S.W. (2d) 662.

After careful consideration of the decisions in the above cited cases, and a study of the language used, we have reached the conclusion that the Commissioners' Court does not have the authority to enter into any kind of an agreement, either in or out of court, to relinquish or release the obligor from a full performance of his or its part of a contract. In support of this conclusion we quote from the case of Bland, et al., vs. Orr, 39 S.W. 558, wherein Chief Justice Gaines, speaking for the Supreme Court, said:

> "It is sometimes to the interest of a creditor to compound his claim, and counties are no exception to this rule. It would seem, therefore, that authority to receive, in satisfaction of a debt due a county, something other than the full amount of money, ought to have been given to some of its officers or agents; but it is clear, we think, that the Legislature has not lodged the power with the Commissioners' Courts, whether purposely or not we need not inquire."

Further --

> "We have found nothing in the laws existing at the time the present Constitution was adopted which empowered the County Court to compound debts due the county, or which gave them any control over such debts."

Wherefore, the two questions submitted must be answered in the negative.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By /s/ Clarence E. Crowe

CEC:s:egw

Clarence E. Crowe
Assistant

This opinion has been considered in conference, approved, and ordered recorded.

/s/ W. F. Moore
W.F. Moore
First Assistant Attorney
General

APPROVED
Opinion Committee
By W R K - Chairman