## A. B. FRANK v. S. HEIDENHEIMER.

### No. 7339.

1. **Innocent Purchaser.**—An innocent purchaser of vendor's lien notes without knowledge of an older lien other than such constructive notice as he may have had from the record would occupy the same position as would a purchaser of the land.

2. **Record as Notice.**—The rule with respect to the constructive notice given by the record of a deed under the registration laws is that a deed of record from the vendee of a vendor is not notice to a subsequent purchaser from the same vendor, if the first deed is not of record; and the record of a conveyance is only notice to after-purchasers under the same grantor.

3. **Case in Judgment.** — Lee Reed sold land to William Reed and Frank Dorn, taking their notes, which were assigned to one Muenster. William Reed and Dorn were unable to pay, and they reconveyed to Lee Reed, who executed to them his own notes in lieu of theirs. They exchanged these notes with Muenster, who assigned them to Heidenheimer. The deed from Lee Reed was not recorded. Subsequently Lee Reed conveyed the land to Muenster, Muenster to Frank Dorn, taking his notes for purchase money, reserving a lien. These notes before maturity came to hands of appellant without notice of the deed to William Reed and Frank Dorn. Appellant foreclosed these notes and bought in the land. In suit by Heidenheimer to subject the land to the notes he had from Muenster, *held*, that appellant as a bona fide purchaser took the land discharged of Heidenheimer's claim.

APPEAL from Caldwell. Tried below before Hon. H. TEICHMUELLER. No statement is necessary.

*Stringfellow & Wilson,* for appellants.—1. The registration of a deed which does not affect the title to land and which confers no right, is not notice to subsequent purchasers of the legal title of any fact except that claimants under such deed have no title. West v. Reid, 2 Hare, 249, 250; Land Co. v. Hill, 11 S. W. Rep., 797.

2. The deed from William Reed and Frank Dorn to Lee Reed, under which appellee claims, did not affect the title, and created no lien in their favor or in favor of appellee (their assignee) upon the land. Rev. Stats., art. 2464.

*Moore & Duncan,* for appellee.

GARRETT, PRESIDING JUDGE, *Section B.*—S. Heidenheimer, as plaintiff, brought this suit in the District Court of Caldwell County, August 27, 1887, against Lee Reed and his wife Nancy Reed, as the makers of two promissory notes, William Reed, Frank Dorn, and J. H. Muenster & Bro. as the indorsers of said notes, and the appellant A. B. Frank, as asserting some title to a tract of 100 acres of land upon which the plaintiff sought to foreclose a vendor's lien.

The makers and indorsers of the notes sued on suffered default. Frank answered, that he claimed the land under foreclosure in a suit by him against the defendant Frank Dorn, who had bought the land from J. H. Muenster, and executed his notes therefor with a lien on the land, said notes having been transferred to Frank by the said Muenster. Heidenheimer was not a party to Frank's foreclosure suit, and the notes held by Frank and foreclosed by him were junior to those held by Heidenheimer, and upon which this suit is brought. Frank claims to be an innocent purchaser of his notes without notice of the existence of the notes sued on.

Trial was had without a jury and judgment was rendered April 3, 1889, by the court in favor of the plaintiff for the amount of the notes sued on with foreclosure of vendor's lien on the land. Frank alone has appealed. At the request of the appellant the trial judge filed his conclusions of fact and law, and a statement of facts was also made.

Lee Reed was common source of title, and held the land by a deed from Joshua Hall, dated December 10, 1873. As found by the court, and taking the date from the evidence in the case, Lee Reed, about the close of the year 1882, conveyed the land to William Reed and Frank Dorn and took their notes for the purchase money. The deed from Lee Reed to William Reed and Frank Dorn was never recorded, and is lost. The notes were transferred by Lee Reed to J. H.

Muenster.    Being unable to pay their notes, William Reed and Frank Dorn reconveyed the land to Lee Reed by their deed dated February 9, 1885, which was duly recorded, and their notes being in the hands of J. H. Muenster, Lee Reed executed to them his note in lieu thereof. Lee Reed's notes were then transferred by indorsement and delivered to J. H. Muenster, and he surrendered the notes of William Reed and Frank Dorn.    The deed from William Reed and Frank Dorn to Lee Reed was in usual form, contained no recitals of rescission, and retained a vender's lien to secure the notes.    J. H. Muenster indorsed and transferred these notes before maturity to the plaintiff Heidenheimer, who has brought this suit thereon.    On December 23, 1885, Lee Reed and wife conveyed the land to J. H. Muenster.    On the same date, December 23, 1885, J. H. Muenster conveyed the land to Frank Dorn, taking his note for the purchase money and retaining a vendor's lien to secure the same.    These notes Muenster transferred before maturity to the defendant A. B. Frank, who had no actual notice of the conveyance from Lee Reed to William Reed and Frank Dorn, nor of their reconveyance to Lee Reed, nor of the execution of the notes sued on. Frank foreclosed his notes and bought the land at sheriff's sale.

The foregoing statement is adopted from the conclusions of fact found by the court.    Some of the findings have been attacked by the appellant; but from the view we take of the case, it will not be necessary to notice them.

As an innocent purchaser of the notes before maturity without knowledge of Heidenheimer's claim other than such constructive notice as he may have had from the record, Frank would occupy the same position as would a purchaser of the land, which he finally became, under the same circumstances.

If by reason of the fact that the deed from Lee Reed to William Reed and Frank Dorn had never been recorded, appellant Frank was not affected with constructive notice of the deed of reconveyance from William Reed and Frank Dorn to Lee Reed, and the recitals therein as to the purchase money notes sued on, then Heidenheimer can not prevail in this suit to foreclose.    The rule with respect to the constructive notice given by the record of a deed under the registration laws is, that a deed of record from the vendee of a vendor is not notice to a subsequent purchaser from the same vendor if the first deed is not of record; and the record of a conveyance is only notice to after purchasers under the same grantor.    Lumpkin v. Adams & Wicks, 74 Texas, 102; Jenkins v. Adams, 71 Texas, 4; Holmes v. Buckner, 67 Texas, 112; Veazie v. Parker, 23 Me., 170; Pierce v. Taylor, Id., 246; Roberts v. Bowen, Id., 165; Whittington v. Wright, 9 Ga., 23; De Yampert v. Brown & Johnson, 28 Ark., 166; Bates v. Norcross, 14 Pick., 224.

There being no deed of record from Lee Reed to William Reed and Frank Dorn, their deed to a vendee would not be notice to the appellant Frank of recitals in that deed, as he occupied the position of an after-purchaser of the same vendor, Lee Reed. It could make no difference if the deed was a reconveyance to the original vendor, because according to the rule the deed from William Reed and Frank Dorn to Lee Reed would be notice only to an after-purchaser from them; and as the appellant does not claim under them, he is not affected with notice of the deed supporting the notes sued on, nor of any of the recitals therein.

The question is a novel one; but the principle is, that one tracing a title down from the sovereignty of the soil is not bound to look to other deeds to the grantee than the one found in the regular chain of title.

In Veazie v. Parker, 23 Maine, 170, cited above, one Joe Hills conveyed the premises to Parker by a deed dated November 16, 1835, recorded July 13, 1837. On the same day the deed was made Parker mortgaged the premises back to Hills, and the mortgage was recorded on that day. January 25, 1836, the Casco Bank attached the land as the property of Hills; and it was afterward sold and Veazie became the purchaser. It was held, that record of the mortgage could not be considered notice of the unrecorded deed; that is, the record of a conveyance not from the grantor could not be considered as giving notice that he had conveyed.

We conclude, that so much of the judgment of the court below as forecloses a lien in favor of the appellee Heidenheimer upon the land described in the judgment should be reversed; and that judgment should be here rendered in favor of the appellant A. B. Frank, that he go hence without day, discharged, and recover costs of the appellee for both this court and the court below.

*Reversed and rendered.*

Adopted May 17, 1892.