J. M. Fullenwider et al. v. J. R. Ferguson et al.

Decided October 11, 1902.

1.—Record of Deeds—Constructive Notice—Second Conveyance by Same Grantor.

Where T. conveyed land to W. by deed which was recorded, and W. conveyed it to A. by deed which was not recorded, and thereafter both deeds were surrendered by the grantees, and in lieu thereof T. conveyed direct to A., purchasers from the heirs of W. were not charged with constructive notice by the record of the deed from T. to A., since the title appeared to have passed out of T. prior to that time, and such deed was therefore not in the chain of W.'s title.

2.—Same—Actual Notice—Innocent Purchaser.

Even if the purchasers from the heirs of W. were constructively charged with notice by the record of the deed from T. to A., they could, in the absence of actual knowledge of the deed, still be innocent purchasers, since the record showed the title in W. But actual knowledge of the deed might have sufficed to put them on inquiry as to the facts which invalidated W.'s apparent title.

Appeal from the District Court of Navarro County. Tried below before Hon. L. B. Cobb.

*Frost, Neblett & Blanding,* for appellant.

TEMPLETON, Associate Justice.—A league and labor of land was granted by the Republic of Texas to John Thomas, who contracted with James McCown and John M. Wade to locate the same. The location was made in 1839 on land which was situated in what was then Robertson County. About five acres of the land is situated in what is now Navarro County, and the remainder in what is now Freestone County. The last named county was a part of Limestone County from some time prior to 1849 until 1851, the date of its organization. On December 12, 1843, John Thomas deeded the west half of his said survey to McCown and Wade in undivided equal shares. This deed was recorded in Freestone County in 1871. On December 21, 1843, Wade deeded the land conveyed to him by Thomas to E. J. Arnold. This deed was never recorded. In 1845 patent to the entire survey was issued to Thomas. In 1846 the two deeds mentioned were surrendered by the grantees therein, and in lieu thereof two other deeds were made by Thomas, one to McCown for the south half of the west half of said survey, and the other to Arnold for the north half of the west half of said survey. The deed to Arnold was recorded in 1849 in Limestone County. The records of that county were destroyed by fire in 1873, and the said deed was never restored to record in said county, but was recorded in Navarro County in 1884, and in Freestone County in 1899. The appellants, who are the heirs and vendees of the heirs of Arnold, brought this suit in the District Court of Navarro County in 1901, in the form of an action of trespass to try title, against the appellees, who are the vendees of the heirs of Wade, to recover 851 acres off the north end of the north half of the west half of the Thomas survey. The ap-

pellees purchased the land in controversy from the Wade heirs in 1896, and at the same time took conveyances from McCown's heirs to whatever interest they had in the said land. They bought in good faith and paid a valuable consideration without having actual notice of either of the conveyances to Arnold. The case was tried before the court without a jury and judgment was rendered in favor of the defendants, and the plaintiffs have appealed.

That Arnold acquired title to the land in controversy by virtue of the deeds made to him by Wade and Thomas is beyond question. The trial court denied a recovery to his heirs solely on the ground that the appellees are entitled to be protected as innocent purchasers. The questions presented are, (1) Was the registration of the deed from Thomas to Arnold in Navarro County a legal registration? and (2) if the said deed was duly recorded, did it constitute notice to the purchasers from Wade's heirs of the claim of Arnold? It is unnecessary for us to decide the first question, and for the purposes of this case we will accept the contention of appellants, and assume that the deed was properly registered, although only an insignificant portion of the land conveyed by the deed was situated in the county of registration.

On the second question the trial court found the law as follows: "The defendants are * * * not held to notice of title in Arnold by the record of the deed of Thomas to Arnold, because Thomas had before time conveyed all his title to McCown and Wade." On the authority of White v. McGregor, 92 Texas, 556, this holding must be approved. In that case Crum conveyed a tract of land owned by him to his mother, and the deed was promptly recorded. Subsequently a creditor of Crum obtained judgment against him, caused the land to be sold under execution, and bought at the sale. After the sheriff's deed had been recorded, Mrs. White bought the land from Crum's mother and paid a valuable consideration therefor without having actual notice of any of the facts concerning the execution sale. It was held in a suit by the devisee of the purchaser at execution sale against Mrs. White, that she was not affected with notice by the record of the sheriff's deed. So, in this case, appellees, when they bought from the heirs of Wade, were not required to examine the records for any deed which may have been made by Thomas subsequent to the execution of his deed to Wade, and were not charged with implied notice of Arnold's claim by the record of the deed from Thomas to Arnold. That deed having been made subsequent to the deed to Wade, was not in the chain of title of a purchaser from Wade, and such purchaser would not be affected with notice by the registration thereof. Webb, Record of Title, sec. 163.

But even if it be conceded that the purchasers from Wade were bound to take notice of the record of the deed from Thomas to Arnold, it does not follow that they were not innocent purchasers. On the face of the records title was in Wade, the deed to him antedating the deed to Arnold. The facts which made Arnold's title superior to that of Wade were not apparent of record. If appellees had actually known of the

deed to Arnold, such knowledge might be held sufficient to put them upon inquiry as to the facts which invalidated Wade's apparent title. But they had no actual knowledge of Arnold's deed. If it should be held that the law presumed that they had notice of the deed, it would not be further presumed that they had notice of the facts which made Arnold's title superior to Wade's title, for the reason that one presumption can not be built upon another. White v. McGregor, supra.

We conclude that the judgment should be affirmed, and it is so ordered.

*Affirmed.*

Writ of error refused.