LEWIS v. SAN ANTONIO BELT & TERMINAL RY. CO.　(No. 6148.)

(Court of Civil Appeals of Texas. San Antonio. March 12, 1919.)

1. JUDGMENT ⊗═◊788(1) — LIEN—UNRECORDED DEED.

Purchaser of land, sold on alias execution under judgment recovered by vendors against vendee and assigned, abstract of judgment being legally issued and filed for record, held not in position of one who finds record title in judgment debtor, and fixes lien on his property which would be effective, though debtor may have conveyed to another by unrecorded deed, being in position of claiming lien on property not shown by record to be debtor's.

2. EXECUTION ⊗═◊264—PROPERTY PASSING— TITLE OF JUDGMENT DEBTOR.

Only the right, title, and interest of the judgment debtor is sold to the purchaser on execution.

Appeal from District Court, Bexar County.

On motion for rehearing. Motion overruled.

For former opinion, see 208 S. W. 552.

Frank H. Booth and James D. Crenshaw, both of San Antonio, for appellant.

C. C. Huff, of Dallas, F. C. Davis, of San Antonio, and A. H. McKnight, of Dallas, for appellee.

FLY, C. J. [1] This court did not, as claimed in the motion, hold that the deed from Reynolds to appellee was notice in itself to the Kellers that Hildebrand had part-

ed with title to the land, and the opinion is in thorough accord with "Grace v. Wade, 45 Tex. 522, and other cases following it," and is not in conflict with "White v. McGregor, 92 Tex. 556, 50 S. W. 564, 71 Am. St. Rep. 875, Lumpkin v. Adams, 74 Tex. 96, 11 S. W. 1070, Frank v. Heidenheimer, 84 Tex. 642, 19 S. W. 855, and other cases." This court held that registration laws can have no application to the Kellers and those claiming under them when they sought to fix a lien on land that the records did not show that Hildebrand owned. Appellant is attempting to place himself in the position of one who finds the record title in a judgment debtor, and fixes a lien upon his property, which would be effective, although such debtor may have conveyed the land to another by an unrecorded deed. He does not occupy that position, but is in that of claiming a lien on property not shown by the record to be the property of the debtor, but whose title is evidenced just as Reynolds' was by an unrecorded deed. Neither the record nor anything else showed that Hildebrand owned the land, and in truth and in fact he did not own it. The registration laws cannot be invoked by appellant in this case, and if any attention is to be paid to the provisions of article 5616, Revised Statutes, and to the opinions thereunder, notably, First State Bank v. Jones, 107 Tex. 623, 183 S. W. 875, appellant acquired no right or title to the land which did not belong to Hildebrand, but which belonged to another when it was sought to fix the judgment lien on the land.

[2] The authorities relied upon by appellant cannot be applicable to the facts of this case, because each and every one refers to cases in which parties had acted on notice given by the record. Appellant or the Kellers did not act upon any such notice. If the judgment obtained by the Kellers had been against Dolan, in whom the record title rested, and the abstract of judgment had sought to fix the lien against Dolan, appellant would occupy the position he has sought to attain; but the judgment was against Hildebrand alone, and the land was levied upon and sold as his property. There was no record title, nor any other kind of title, in Hildebrand at the time. Only the right, title, and interest of Hildebrand was sold to appellant under execution, and he had no right, title, or interest in the land. Registration laws cannot be invoked by appellant.

The case of Grace v. Wade, 45 Tex. 522, and cases following it, are all based on deeds recorded in the name of the judgment debtor and rights accruing under such record. The opinion of this court cannot be in conflict with any of the cases cited, because they are not applicable to the state of facts in this case.

The motion for rehearing is overruled.