## DAVIS v. LUND.
### No. 8382.

Court of Civil Appeals of Texas.  San Antonio.
March 12, 1930.

Rehearing Denied April 9, 1930.

Canales & Eidman, of Brownsville, for appellant.

J. Q. Henry, of Mission, for appellee.

COBBS, J.

Appellant sued appellee in trespass to try title to recover an undivided three-fifths interest out of the west four-fifths of lots 1 and 2, in block No. 6, within the corporate limits of Rio Grande City, in Starr county. She alleged a common source of title in John F. Lund and Emeline Lund, his wife, the deceased father and mother of appellant and George F. Lund, the deceased husband of Catalina Lund, appellee.

Appellee answered by plea of not guilty and pleaded title by limitation of ten years; and prayed for judgment of the court adjudging the title and the possession of the property involved in the suit to be in appellee, Catalina Lund.

All matters of fact and law were submitted to the court, without a jury, and judgment was entered for appellee.

We have read and considered appellant's able brief and argument, but believe all claims of title under the common source can be laid out of sight, and the case considered, as the trial court finally did, upon the sole question of the plea of ten years' limitation.

The recitation in the deed of trust, dated April 19, 1915, executed by Catalina Lund and her deceased husband, George F. Lund, to Adolph Oosterveen, trustee, for the use and benefit of Lilia J. Eivet, from whom appellant claims to have purchased a one-fifth interest, to the effect that the west four-fifths of lots 1 and 2 in block No. 6, fronting eighty-five feet and eight inches (85 Ft. 8 in.) on Britton avenue in Rio Grande City, Tex., was designated and claimed as the homestead of appellee and her deceased husband, George F. Lund, and the record thereof in the public records of Starr county, Tex., was both actual and constructive notice of the adverse claim of appellee and her deceased husband to the identical property involved in this suit, and set in operation the running of the statute of limitations, which ripened into title under the ten years' statute of limitation (Rev. St. 1925, art. 5510) prior to the assertion of any adverse claim by appellant to said property against appellee. This instrument was duly executed, acknowledged, and placed of record in the deed records of Starr county, and was sufficient to show a definite homestead claim.

Appellee testified: "I have lived in Rio Grande City all my life * * *. I am 46 years. I am the wife of George Lund; I was married to him about 22 years ago. Prior to that time I was married I had been living with George Lund as husband and wife. * * * We had been living together about seven years before the

actual ceremony was performed. When George Lund and I began living together before we were married we lived there where we are now (meaning the property involved in this suit); he brought me to the land where we live now. At the time George Lund and I began to live together on these lots they were not cleared; he cleared the property and fenced it. There were no buildings or anything on the property at all. * * * There was nobody living on it (meaning the property) besides us. I have claimed that property ever since I was taken there; I have claimed it as my own. George Lund built an addition to the house that was there on the property; he built the house and later on added another room to it. Since I moved on this property I have lived on it continuously ever since, I have never lived anywhere else. We fenced the property about the time we went there; that fence has been maintained and kept up ever since. I have used that property as my homestead ever since it was fenced. During all the time I have lived there no one has ever claimed that property prior to the time this suit was filed. George Lund died pretty near thirteen years ago. During the time I have lived on this property and claimed it as mine, I have paid the taxes on it and have rendered it for taxes. I am still living on this property."

On cross-examination appellee testified: "My husband has been dead thirteen years * * * I had eight children by George Lund; they are all living. There is only two living with me now. I claim this property as my own; I claim it now by possession, I claim it now because I live there. * * * My husband took me over there (meaning this property) and said that was his property. * * * He told me when he took me over there that the property was for me, he told me that and afterwards he married me. * * * He and I continued to live in the same place until his death about thirteen years ago; he died and it still stayed in my possession. * * * I was in my own property and when he died I still had possession. My husband said the property was mine, he said that to me. I said a while ago that when he (meaning her husband) took me there and we began living together as husband and wife, he told me that this was my property. I have claimed it ever since."

Appellee assessed the property for taxes and paid all the taxes thereon, and was in continuous adverse possession thereof, notoriously claiming it as her property all the time, and she clearly showed a title by limitation. It is provided in article 5513, R. S., that "the person having such peaceable and adverse possession shall be held to have full title, precluding all claims."

The judgment of the trial court is supported by the evidence, and is therefore affirmed.