## DAVIS v. LUND.

### No. 1478—5732.

Commission of Appeals of Texas, Section A.
July 22, 1931.

Canales & Eidman, of Brownsville, for plaintiff in error.

J. Q. Henry, of Mission, for defendant in error.

CRITZ, J.

Originally John F. Lund and wife, Emeline Lund, owned lots 1 and 2 in block 6, in Rio Grande City, Starr county, Tex. Both died many years ago, but the wife survived the husband by several years. The evidence is rather indefinite as to the dates of their deaths, but we presume that both were dead prior to 1897. If the above property were

now awarded according to the laws of descent and distribution of this state, ignoring any deeds, it would belong one-fifth to Henry Lund, a grand-son of John F. Lund and Emeline Lund, one-fifth to Juleika York, a daughter, one-fifth to Lelia J. Eivet, a daughter, one-fifth to Catalina Lund, defendant in error, surviving widow of George F. Lund, deceased, and their surviving children, and a one-fifth to Ida Davis, plaintiff in error.

The record shows that in 1925 Lelia J. Eivet and Juleika Lund conveyed their one-fifth interest each to the plaintiff in error, Ida Davis. In 1901, George F. Lund and wife, Catalina Lund, conveyed the one-fifth interest of George F. Lund to Della W. Hord. This last one-fifth interest was owned at the time of trial by John A. Pope, Sr., and has been set aside to him, and is not in dispute here.

The record further discloses that, after the death of John F. Lund, his surviving widow remained in possession of this land until her death. After her death, George F. Lund moved on the land and occupied the same in full recognition of the rights and titles of the other heirs. At the time George F. Lund took possession, he was unmarried. He later married Catalina Lund, defendant in error here, and brought her to the premises, where they lived until his death, which occurred about the year 1915. Catalina Lund has lived on the property since the death of her husband, and claims title under him.

In this state of the record, Ida Davis, a feme sole, in 1925, filed suit against Catalina Lund, and two other parties, who were later dismissed, to recover her interest, both heired and purchased from Catalina Lund, who was, and still is, in possession. Catalina Lund answered by general demurrer and plea of not guilty. Also, she specially pleaded the ten-year statute of limitation. Trial in the district court of Starr county, Tex., before the court without a jury, resulted in a judgment for Catalina Lund. This judgment was affirmed by the Court of Civil Appeals. 26 S. W.(2d) 434. The case is in the Supreme Court on writ of error granted on application of Ida Davis.

A reading of the judgment of the district court will disclose that he found for Catalina Lund solely on her plea of ten years' limitation. We quote the following from the judgment:

"Thereupon both Plaintiff, Ida Davis, and Defendant, Catalina Lund, announced ready for trial and a jury being waived, all matters of facts as well as of law were submitted to the Court for determination; and the Court having heard the pleadings, the evidence and argument of counsel, is of the opinion that both the law and the facts are against the Plaintiff and in favor of the Defendant, Catalina Lund, on her plea of the ten year stat-

ute of limitations, covering the property and premises involved in this suit."

■ From the statement we have made, it is evident that Ida Davis should recover title and possession of the land here sued for as against Catalina Lund, unless Catalina Lund can defeat such recovery by the ten-year statute of limitation. In order for Catalina Lund to prevail under the ten-year statute of limitation, three things must be established: (a) Catalina Lund's husband having entered upon the land in recognition of the title here asserted by Ida Davis, there must be a repudiation of the relationship thus established, and claim of title adverse to the title of Ida Davis; (b) this repudiation and adverse claim must be clearly brought home to Ida Davis, and those under whom she claims, as limitation will only begin to run from that date; and (c) there must be adverse possession for ten years after notice of repudiation and adverse claim has been brought home to Ida Davis and those under whom she claims. Thompson v. Richardson (Tex. Com. App.) 221 S. W..952, and authorities there cited; Freeman v. Pierce (Tex. Civ. App.) 250 S. W. 778 (Writ Ref.).

■ When we come to examine the record before us, we find absolutely no probative evidence to support a fact finding that George F. Lund ever repudiated his recognition of the title of Ida Davis in such a manner as to clearly bring notice of such repudiation home to her or those under whom she holds.

The only evidence in the record which even remotely bears upon the issue of notice of repudiation is a statement appearing in a deed of trust executed by George F. Lund and wife, Catalina Lund, dated April 19, 1915. This deed of trust covers property other than that in issue here. In this deed of trust, the following statement appears:

"* * * And hereby designate the following described property, to-wit:

"Four-fifths (⅘) of Lots Nos. 1 and 2 of Block No. 6 of the town of Rio Grande City, in the county of Starr and State of Texas, as their homestead, and as constituting all the property (of nature similar to that herein conveyed) owned, used or claimed by them as exempt under said laws."

The above deed of trust was recorded in the deed of trust records of Starr county, Tex., on the same day it was executed. The Court of Civil Appeals holds that the quoted recitation in the above instrument is both actual and constructive notice to Ida Davis of the adverse claim of George F. Lund, and of his repudiation of his recognition of her title.

■ We think the above holding of the Court of Civil Appeals is erroneous for the following reasons: (1) Because the deed of trust cov-

eréd land other than the land in question here, and was therefore outside the chain of title here involved; (2) because the statement itself contains nothing that would put Ida Davis on notice that George F. Lund was repudiating, or had repudiated, his recognition of her title.

■■■ With reference to the first reason above given, it is the settled law of this state that the recording of a deed or mortgage is constructive notice only to those who have subsequently acquired some interest or right in the property under the grantor or mortgagor. White v. McGregor, 92 Tex. 556, 50 S. W. 564, 71 Am. St. Rep. 875. It is also the settled law of this state that while a purchaser is bound with constructive notice of all instruments in his chain of title, the record of a deed or instrument lying outside such chain imports no notice to him. Brown v. Ackerman (Tex. Com. App.) 17 S.W.(2d) 771.

In this connection, we quote the following from Judge Gaines' opinion in White v. McGregor, supra.

"The proposition is frequently announced that under the registration laws the proper record of an instrument authorized to be recorded is notice to all the world. Although the language of article 4652 of the Revised Statutes gives countenance to the doctrine as thus broadly stated, it has been decided by this court that the proposition is subject to important qualifications. For example, in Holmes v. Buckner, 67 Tex. 107, 2 S. W. 452, the court quote with approval the following language: 'The registry of a deed is notice only to those who claim through or under the grantee (grantor) by whom the deed was executed.' The doctrine was applied in the decision of that case, and the decision has been followed in subsequent cases. Lumpkin v. Adams, 74 Tex. 96, 11 S. W. 1070; Jenkins v. Adams, 71 Tex. 1, 8 S. W. 603; Frank v. Heidenheimer, 84 Tex. 642, 19 S. W. 855. So, also, it is held in other jurisdictions that the record of a deed or mortgage is notice to subsequent purchasers from the same grantor, but not to prior purchasers. Doolittle v. Cook, 75 Ill. 354; Stuyvesant v. Hall, 2 Barb. Ch. [N. Y.] 151. In the case last cited the court says: 'The whole object of the recording acts is to protect subsequent purchasers and incumbrancers against previous deeds, mortgages, etc., which are not recorded; and to deprive the holder of the prior unregistered conveyance or mortgage of the right which his priority would have given him at the common law. The recording of a deed or mortgage, therefore, is constructive notice only to those who have subsequently acquired some interest or right in the property under the grantor or mortgagor.' "

We also quote the following from Judge Leddy's opinion in Brown v. Ackerman, supra.

"The law is thoroughly settled in this state that, while a purchaser is bound with constructive notice of all recorded instruments lying within his chain of title, the record of a deed or instrument lying outside of his chain of title imports no notice to him. Holmes v. Buckner, 67 Tex. 107, 2 S. W. 452; Lumpkin v. Adams, 74 Tex. 102, 11 S. W. 1070; Peterson v. McCauley (Tex. Civ. App.) 25 S. W. 826; Gamble v. Martin (Tex. Civ. App.) 151 S. W. 327; 3 Washb. on Real Prop. p. 316; 27 R. C. L. p. 717, § 482."

■ With reference to the second reason above given, we call attention to the fact that the statement contained in the deed of trust merely states that four-fifths of lots 1 and 2, etc., is designated as the homestead of the grantors and constitutes all property "owned," "used," or "claimed" by them as such. The statement was not made to Ida Davis or for her benefit, but for the purpose of showing that the land included in the deed of trust was not a homestead, and for the further purpose of making designation of a homestead. The statement expressly includes within its terms lands "used," as well as lands owned or claimed. It makes no direct claim that the land is owned by the grantors, but merely states that it is all the property "owned," "used," or "claimed" by them as exempt under our homestead laws. Certainly, if the statement here made had been actually brought home to Ida Davis, which it was not, under the circumstances here involved, it would not constitute such notice as would clearly bring home to Ida Davis notice that George F. Lund had repudiated his recognition of her title in the land. Also, it is the settled law of this state that a homestead may exist in rented premises, and when George F. Lund made a statement that he claimed a homestead in the land in question, "used" by him as a homestead, he made no statement antagonistic to the relation already existing between him and Ida Davis.

■■ The defendant in error contends that Ida Davis, though alleging a common source of title, has failed to prove the same. We think this contention is untenable. It is conclusively shown that the common ancestors of both plaintiff and defendant were in possession of and claiming this land when they died. After the death of both of them, George F. Lund, the deceased husband of the defendant, went into possession of the land, and held the same in full recognition of the rights of the other heirs, and also in full recognition that John F. and Emeline Lund were the common sources of his title as well as the title of the other heirs. Furthermore, he only claimed a one-fifth interest therein as the heir of his deceased father and mother. This is shown by his own statement in the deed, by which he conveyed away his one-fifth interest above mentioned. We quote the following from that deed.

60

"All that part of those certain lots situated in the town of Rio Grande City, Starr County, Texas, known as and called Lots numbered one (1) and two (2) of block numbered six (6) thereof, which to me belongs either by right of inheritance from my deceased parents J. F. Lund and Emiline Lund, either or both of them, or by right of inheritance from any one or all of my deceased brothers and sisters, or which belongs to me by rights accruing or accrued under the statutes of limitations, of this state, of three, five or ten years, or otherwise. The part of the said lots which it is intended to be conveyed hereby is that of an equal one fifth part, undivided, of each of the said lots, the other four fifths parts belonging to my sisters and nephews and nieces, i. e. Lelia J. Eivet, Juleika York, Ida L. Davis and the minor children of my brother Horance W. Lund, deceased, for whose benefit, as well as for my own I have heretofore and up to this time held and hold the possession of the said lots to the exclusion of all other persons whomsoever."

The above statement by George F. Lund shows conclusively that when he went into possession of this land he did so as an heir of his deceased father and mother, and that he fully recognized the rights and titles of the other heirs, and the source from which his and their rights were derived. Furthermore, the record shows that while George F. Lund was thus in possession he brought the defendant to the land, and afterwards married her. It is also shown from the defendant's own lips that she is claiming as an heir of her deceased husband; in this connection she testified:

"I claim this property as mine because he died; I claim by inheritance from my husband. The property belonged to my husband before I married him."

Also, the record shows that after the death of George F. Lund the taxes were paid on this land in the name of his estate from 1917 to 1927.

We think such a record clearly establishes the common source of title as alleged by the plaintiff. This being true, and it appearing that the defendant's rights arise only as an heir and surviving wife of her deceased husband, she can have no better title than he would have were he still living.

■■ In connection with the above, we think it is settled that, where two parties claim title under the same grantor, each is estopped to deny that the grantor had title, and neither is required to show title in the common grantor. 9 R. C. L. p. 846. Also, the above rule is not confined to conveyances by deed, but applies as well where one or both parties claim by descent or devise from a common ancestor, and when parties, if living, would be thus estopped, their heirs and privies in estate are likewise estopped. R. C. L. Vol. 4, Permanent Sup., p. 2565; 7 A. L. R. 871.

■ From what we have said, it is evident that Catalina Lund has absolutely failed to establish title by the ten-year statute of limitation as against Ida Davis.

We recommend that the judgments of the Court of Civil Appeals and district court be both reversed, and the cause remanded to the district court for further proceedings, in accordance with this opinion.

CURETON, C. J.

The judgments of the district court and Court of Civil Appeals are both reversed, and the cause remanded to the District Court, as recommended by the Commission of Appeals.

We approve the holdings of the Commission of Appeals on the questions discussed in its opinion.