### STANFORD v. DUMAS et al.

### No. 5106.

Court of Civil Appeals of Texas. Amarillo. Jan. 22, 1940.

Rehearing Denied March 4, 1940.

R. L. Graves, of Brownfield, for appellant.

Crenshaw, Dupree & Milam, of Lubbock, for appellees.

STOKES, Justice.

This is an action of trespass to try title filed by appellant, P. G. Stanford, against appellee, H. L. Lowe and a number of others, including M. E. Dumas, not necessary to mention. The case was tried before the court without the intervention of a jury and resulted in a judgment denying appellant any relief. Appellant duly excepted, gave notice of appeal, and presents the case in this court upon a number of assignments of error and propositions of law, contending that the judgment is erroneous and should be reversed.

` The record shows that on the 17th of May, 1917, P. Z. Conrad purchased from D. B. Tingle and wife the property involved, being a lot in the town of Plains, in Yoakum County, and it was agreed that Conrad was the common source of title. On the 17th of November, 1931, M.. E. Dumas recovered a judgment against Conrad in the county court of Yoakum County, execution upon which was issued on the 10th of August, 1937, and placed in the hands of the sheriff who levied upon ·the town lot as the property of Conrad and, after duly advertising the sale for September 7, 1937, sold it to appellee, H. L. Lowe, in the manner provided by law. Appellee's bid was $155 and upon payment of that amount the sheriff executed to him a deed in regular form which was immediately placed of record in the deed records of Yoakum County.

On August 28, 1938, almost a year after appellee purchased the property at the sheriff's sale, P. Z. Conrad executed and delivered to appellant what is termed a quitclaim deed, which purports to be a substitute for a former deed executed by Conrad to one W. L. Turner. The deed recites that Conrad had executed a deed to W. L. Turner on October 12, 1929, in which the town lot was conveyed but that such deed had been lost and was never filed for record nor recorded in the deed records of Yoakum County.

It is revealed by the record that on the 12th of October, 1929, W. L. Turner and wife executed a deed of trust conveying the property to Marion McGinty as trustee to secure the payment of a note in the sum of $525, payable to P. Z. Conrad in monthly installments of $15 each, and that W. L. Turner conveyed the property to W. W. Pollard on February 17, 1932. Pollard conveyed it to J. C. Moore on· May 15, 1932; Moore conveyed it to T. C. Perkins on the 21st of January, 1933; Perkins conveyed it to W. H. Ratcliff on the 28th of February, 1933, and Ratcliff conveyed it to appellant, Stanford, on the 4th of December, 1937. The deed executed by Turner to Pollard was filed in the office of the county clerk of Yoakum County on the 20th of January, 1936, and duly recorded, but none of the subsequent deeds was filed or recorded in the deed records until after

the sheriff's sale in which appellee purchased it and after his deed was executed and placed of record. These deeds constitute the chain of title under which appellant contends he was entitled to recover.

Appellant contends the judgment entered by the court denying him any relief is erroneous and should be reversed, first, because, he asserts, the execution issued upon the judgment of Dumas against Conrad and under which the property was sold to appellee by the Sheriff of Yoakum County, was void because it was the original execution and was not issued until more than twelve months after the judgment was rendered. Secondly, that appellee had notice, both actual and constructive, at the time he purchased the property at the sheriff's sale, of the conveyance from Conrad to W. L. Turner.

■ The judgment against Conrad was rendered by the county court of Yoakum County on November 17, 1931, and no execution issued thereon until the 10th of August, 1937, being the execution under which the sheriff's sale was made. The judgment was, therefore, dormant at the time the execution was issued. Art. 3773, Revised Civil Statutes, 1925. The article mentioned, before it was amended in 1933, Vernon's Ann.Civ.St. art. 3773, and which controlled the execution in this case, provided that if no execution was issued within twelve months after the rendition of the judgment, the judgment should become dormant and no execution should issue thereon unless the judgment be revived. There is no showing in the record that the judgment in favor of M. E. Dumas had been revived, but it is well established by the courts of this state that an execution issued upon a dormant judgment is not void but merely voidable and not subject to collateral attack. Ayres v. Duprey, 27 Tex. 593, 594, 86 Am.Dec. 657; Maverick v. Flores et al., 71 Tex. 110, 8 S.W. 636; Odum v. Menafee, 11 Tex.Civ.App. 119, 33 S.W. 129; Taylor et al. v. Doom et al., 43 Tex.Civ.App. 59, 95 S.W. 4; Scott v. McGlothlin, Tex.Civ.App., 30 S.W.2d 511; Collins v. Jones et al., Tex.Civ.App., 79 S.W.2d 175.

There can be no question that the attack made upon the execution in this case by appellant was a collateral one and although the execution was issued upon a dormant judgment, the sale made by the sheriff to appellee was a valid sale in so far as the execution was concerned. Ap-

pellant's assignments of error in respect to the first contention made by him are, therefore, overruled.

■ Under his second group of assignments appellant contends that appellee had notice, both actual and constructive, of the deed made by P. Z. Conrad to W. L. Turner on October 22, 1929. We cannot accede to this contention. The record shows that, if there was such a deed, it was never filed in the office of the county clerk nor recorded in the deed records of Yoakum County. The only evidence in the record tending to prove that such a deed was ever executed was the statement in the quitclaim deed executed by Conrad on the 28th of August, 1938. It was recited in the quitclaim deed that Conrad had executed a prior deed to Turner on October 12, 1929. Appellee objected to the introduction of the recitation mentioned but since the deed was not executed until almost a year after the appellee purchased the property at the sheriff's sale, it could not have constituted notice to appellee when he purchased the property at the sale on September 7, 1937. The question of whether the recitations concerning the prior deed were admissible or were, as contended by appellee, hearsay, therefore, becomes immaterial. Regardless of any statement contained in the deed, it could not have been effective nor have any bearing upon the action of the court in determining the issues in this case.

■■ It is further contended by appellant in this connection that the other deeds in his chain of title constituted notice to appellee and were effective in conveying the title to the property as against the sheriff's sale, but this contention cannot be sustained for several reasons. In the first place, it was not shown that appellee had any actual knowledge of the existence of any such deeds and, in the second place, they were not filed in the office of the county clerk nor recorded in the deed records of Yoakum County until after appellee had purchased the property at the sheriff's sale. The only deed in appellant's chain of title that was filed in the office of the county clerk and recorded prior to the sheriff's sale was the deed from Turner to Pollard, which was filed January 20, 1936. That deed could not constitute any notice to appellee that a deed had theretofore been executed by P. Z. Conrad conveying the property to Turner because it did not appear in appellee's chain of title. It has

many times been held by our courts and is well settled law in this state that, while a purchaser is bound by, and has constructive notice of all instruments appearing of record in his chain of title, the record of a deed or instrument lying outside of his chain of title visits no notice upon him whatever. White v. McGregor et al., 92 Tex. 556, 50 S.W. 564, 71 Am.St.Rep. 875; Fullenwider v. Ferguson, 30 Tex.Civ.App. 156, 70 S.W. 222; Davis v. Lund, Tex. Com.App., 41 S.W.2d 57.

Appellant contends in this connection that the deed of trust executed by W. L. Turner to McGinty which was given to secure a note in the sum of $525, payable to P. Z. Conrad, having been executed on the same date the alleged deed from Conrad to Turner was executed and by which appellant alleges the property was conveyed, should be held to visit notice of the execution of the deed of conveyance of Conrad to Turner because the deed of trust shows a portion of the same transaction and that Turner must have been claiming title to the property or he would not have executed the deed of trust upon it. It is not shown by the deed of trust that the $525 note was given as part of the purchase price for the property, but even if it did, the deed of trust would be governed by the same rules which govern the deed from Turner to Pollard. W. L. Turner not appearing in the chain of title purchased by appellee in the sheriff's sale, no deed, deed of trust, or other instrument executed by him, although recorded in the records of Yoakum County, would have been effective as constructive notice of an adverse claim. The opinions in the cases we have cited, and many others, establish this principle of law so well that we do not deem it necessary further to discuss it. Appellant's assignments of error in reference to this contention will be overruled.

■ In connection with the question of notice, appellant makes the further contention that, at the time of the sheriff's sale, he was in possession of the property through one Joe Cheek who, he contends, was his tenant. It is unquestionably the law that a purchaser of property is charged with notice of an adverse claim evidenced by possession of the property even though such possession is by a tenant. If Joe Cheek was in possession and was the tenant of appellant at the time appellee purchased at the sheriff's sale, appellant was charged by law with notice of whatever information he would have obtained by an investigation as to the capacity in which Cheek was occupying the premises. The evidence shows that either on the day he purchased the property or a day or two afterwards, appellee had a conversation with Joe Cheek concerning his occupancy of the property and that Cheek informed him he was "just living there and did not know who claimed the property, if anyone." Cheek stated that he was working in a cafe for some other person and that the owner of the cafe was furnishing him the house to live in. He said that he was not paying rent to anyone. It is not contended by appellant that any further investigation than this would have revealed anything else with reference to his claim to the property and although this investigation was perhaps not made until a day or two after the purchase, still it shows that even if appellee had made the inquiry before he purchased the property, he would not have obtained any information that would have charged him with notice of any claim being asserted by appellant to the property. Appellant testified that he told appellee when the sheriff's sale was being conducted that he claimed an interest in the property but this was denied by appellee, and the fact being controverted by the testimony, we must conclude that it was considered by the trial court and resolved in favor of the judgment.

From what we have said it follows that, in our opinion, none of the assignments of error presented by appellant furnish a basis for disturbing the judgment as entered by the court below and they will all be overruled.

The judgment is affirmed.