## FITZGERALD et al. v. LEGRANDE et al.
### No. 4411.

Court of Civil Appeals of Texas. El Paso.
Feb. 15, 1945.

Rehearing Denied March 8, 1945.

Richard S. Brooks and Whitaker, Perkins, Turpin & Smith, all of Midland, for appellants.

W. H. Penix, of Mineral Wells, for appellees.

PRICE, Chief Justice.

This is an appeal from the judgment of the District Court of Ward County. Mrs. B. F. LeGrande et al. sued James Fitzgerald and Skelly Oil Company to recover the title and possession of a certain one half section of land in Crane County. On a trial before the Court without a jury, plaintiffs recovered the title and possession of the land. The defendants perfected this appeal. Hereafter the parties will be designated as they were in the District Court.

There was no request of the Trial Court for findings of fact and conclusions of law. In the transcript, there appears a portion of a written opinion by the Trial Judge. This opinion evidences a most careful and able consideration of each and every issue arising on the trial. The opinion clarifies the issues in the case and has been of great aid to·us in the consideration thereof. It is not thought, however, that it can be accorded the legal status of findings of fact and conclusions of law made on demand of a party to the litigation.

The common source of title was R. E. Van Trease. The question before the Trial Court was and here is, which party had the better title from the common source. On this basic issue, the judgment of the Trial Court was in favor of plaintiffs.

Plaintiffs introduced in evidence a chain of title as follows: First, a judgment of the District Court of Pecos County rendered on the 11th day of July 1933 in their favor against R. E. Van Trease and wife. This judgment was a recovery in the sum of $2,456.93, together with the foreclosure of deed of trust lien in that sum against the land here involved and a tract of land in Pecos County. It ordered that order of sale issue to the Sheriff of Pecos County commanding the land be sold in Pecos County, the sale of Pecos County land to be advertised in that county, and of the Crane County land in Crane County. It appears from the judgment that the deed of trust foreclosed was dated May 17, 1929. This deed of trust was never recorded in Crane County.

Plaintiff further introduced an order of sale dated December 10, 1935 issued on this judgment to the Sheriff of Pecos County in accordance with the terms of the judgment. The Sheriff's return shows a sale of the Crane County lands to plaintiffs for the sum of $800 and payment therefor. On the whole, the return shows compliance with the order of sale issuing on the judgment.

Further evidence of title is a deed by the Sheriff of Pecos County to the plaintiffs dated January 8, 1936. This deed purports to convey to plaintiffs all right and title of Van Trease in the Crane County property on July 11, 1933 or thereafter acquired. Van Trease had acquired title to the property prior to the date of the said deed of trust. This Sheriff's deed was duly acknowledged and was recorded in Crane County on·May 8, 1937.

Defendants exhibited as title the following: warranty deed dated November 2, 1935 from Van Trease and wife to T. Wesley Hook. The consideration recited was "One Dollar and other valuable consideration". It was recorded in Crane County on the 2nd day of November 1935; further a special warranty deed dated November 22, 1937 from T. Wesley Hook to James Fitzgerald, consideration recited, Ten Dollars, recorded in Crane County on November 23, 1937; warranty deed dated November 27, 1937, James Fitzgerald to Skelly Oil Company, consideration Ten Dollars, recorded November 27, 1937. This deed purports to convey certain mineral rights in the land in controversy.

If the lien of the deed of trust in plaintiffs' chain of title was validly foreclosed by the judgment of the Pecos County District Court and the sale thereunder was lawfully conducted, then plaintiffs' claim under the common source was prior in time to that of Hook, the grantor of defendants. Hook, beyond a shadow of a doubt, had actual notice of the judgment of foreclosure and, of course, took subject thereto. If the foreclosure and sale thereunder were valid as against Hook, plaintiffs took the title held by Van Trease on the date of the deed of trust, which was May 17, 1929.

Defendants assailed the decree of foreclosure on the ground that it provides that the Crane County land be offered for sale by the Sheriff of Pecos County. The proper direction of the writ as to the Crane County land would have been to the Sheriff of Crane County. This error would render neither the judgment nor the order of the sale void. Menard v. McDonald, 52 Tex.Civ.App. 627, 115 S.W. 63, writ refused.

It is likewise urged by the defendants that this judgment, at the time the order of sale issued, was not in force and effect. This judgment was rendered July 11, 1933. Within six months after the rendition, plaintiffs filed a proceeding to amend same as to the description of the Pecos County land. Defendants in judgment appeared through T. Wesley Hook (the grantor in defendants' deed) and filed an opposition. Thereafter, plaintiffs here filed a motion setting forth that they did not longer desire to prosecute the suit and

asked for an order of dismissal. On July 17, 1934, the Court entered an order granting the application. Beyond question, the plaintiffs only sought and obtained the dismissal of their action to correct the judgment.

Plaintiffs have an elder and better title from the common source unless their failure to record their deed of trust in Crane County entitles the title acquired by defendants from Hook to prevail over the title senior in its inception. Defendants rely upon Article 6627, R.S.1925. We quote the portion of the article directly relied upon: " * * * and all deeds of trust and mortgages shall be void as to all creditors and subsequent purchasers for a valuable consideration without notice, unless they shall be acknowledged or proved and filed with the clerk, to be recorded as required by law; but the same as between the parties and their heirs, and as to all subsequent purchasers, with notice thereof or without valuable consideration, shall be valid and binding."

Plaintiffs contend that, before the defendants purchased from Hook, the Sheriff's deed was on record in Crane County and, as a matter of law, defendants were charged with constructive notice thereof. Defendants contend that same being a conveyance of subsequent date by the grantor of their direct grantor, it was not in their chain of title and its record did not, as a matter of law, charge them with notice. Each party relies on the case of White v. McGregor, 92 Tex. 556, 50 S.W. 564, 71 Am.St.Rep. 875.

Before discussing the question of the effect of the recording of the Sheriff's deed, we deem it appropriate to discuss the status of defendants as a "subsequent purchaser for a valuable consideration without notice." In short, were they bona fide purchasers within the meaning of the law? Fitzgerald purchased the property from Hook for the Skelly Oil Company. This company furnished and paid $1600 to Hook. Before Fitzgerald closed the deal, he was furnished by Hook with an affidavit to the effect that Hook had been rendering the property for taxes and paying the taxes recently and had a distinct recollection of the payment of taxes for the past year, and to the best of his recollection and on all reasonable probability, had rendered the property for the year before; also from Mr. and Mrs. Van

Trease that at the time they executed the deed to Hook, Hook was rendering them valuable legal services; that it was their intention to vest the full legal title in Hook; that they had signed an instrument presented by Mr. Winkler, but before same was placed on record, they had informed him it was a mistake.

Fitzgerald testified as a witness. In substance his testimony was as follows: that at the time of obtaining the deed from Hook he was Division Manager of the Land and Lease Department, West Texas and New Mexico District for the Skelly Oil Company; that he paid Hook $1600.00 for the special warranty deed; that the two affidavits furnished by Hook were an inducement to him to accept the title. The witness was not asked either on direct examination or on cross examination as to whether he had knowledge of the unrecorded deed of trust, the judgment of foreclosure, or the Sheriff's deed. Defendants failed to show by either direct or circumstantial evidence that he did not have actual knowledge thereof before the consummation of the purchase. For aught that appears in this record, Fitzgerald or the title examiner for the Skelly Oil Company may have examined · an abstract showing the judgment, order of sale, and Sheriff's deed.

As subsequent purchasers, defendants were not protected against an unrecorded deed of trust unless they, in addition to having paid value, were without notice thereof. This is the statute. This is the proper construction of the statute evidenced by a great number of decisions. Lack of notice is just as essential as payment of consideration. The burden was upon defendants to show lack of notice just the same as it was to show purchase for a valuable consideration. Watkins v. Edwards, 23 Tex. 443; Rogers v. Pettus, 80 Tex. 425, 15 S.W. 1093; Ryle v. Davidson, 102 Tex. 227, 115 S.W. 28; Davidson v. Ryle, 103 Tex. 209, 124 S.W. 616, 125 S.W. 881; Herbert v. Smith, Tex. Civ.App., 183 S.W.2d 191, writ dismissed, w. o. m.

To sustain the contention that the burden was upon the plaintiffs, defendants relied on the case of Permian Oil Co. v. Smith, 129 Tex. 413, 107 S.W.2d 564, 111 A.L.R. 1152, and Gillian v. Day, Tex.Civ. App., 179 S.W.2d 575, writ refused. The Permian case was disposed of under Arti-

cle 6638, R.S.1925, relating to the recording of the judgment partitioning land or by which title thereto is recovered. The provisions of that article are somewhat similar to what the law was prior to 1840 relating to the effect of the failure to record conveyances. This was the reasoning upon which the holding was made. The judgment in the record here neither partitioned land nor was it a recovery of title thereto.

In Gillian v. Day, supra, the right not evidenced by record was at best a mere equity. One claiming under an equitable title has the burden of showing notice as against a legal title.

Here the individual, acting for the defendant, Skelly Oil Company, and in whose name the title was taken, testified. He did not deny full knowledge of the rights of plaintiffs prior to the deed from Hook to him. The fact that the affidavits were required by him or under his authorization from Van Trease and wife and Hook was the purchaser without notice, might support the inference that he had some sort of notice. In any event, the evidence was insufficient to discharge the burden of proceeding with the evidence when plaintiffs established a prima facie title. Looking at the opinion of the Trial Judge, it is apparent that his view was that the burden was upon the plaintiffs to establish that the defendants had notice. This view we deem erroneous. However, it presents no ground for the reversal of the correct judgment. This opinion is not an official instrument. If this judgment may be affirmed on any theory thereof tenable under the evidence, it is our duty to do so.

The case has been briefed by defendants on the theory that because the Sheriff's deed was recorded subsequent to the conveyance from Van Trease to Hook and was of date subsequent to that deed, the recording thereof did not charge them with constructive notice because such deed was not in their chain of title. Of course, the relevant time was prior to the taking of the deed from Hook.

In the case of White v. McGregor, 92 Tex. 556, 50 S.W. 564, 565, 71 Am.St.Rep. 875, this proposition is enunciated. "A purchaser is bound to take notice of a deed from the grantor of his grantor prior to that under which his grantor claims, although the latter may be recorded first, for the statute does not regard the order in which the deeds appear upon the registry. But when one takes a conveyance from another who holds under the first deed from his grantor, such purchaser is not bound to look further for a subsequent deed from that grantor, for the reason that such deed is out of the chain of title under which he buys."

None of the parties to the appeal question the validity of the above proposition. As we understand the proposition, if the deed of trust under the foreclosure of which plaintiffs claim had been recorded on the same date as the Sheriff's deed was recorded, defendants would have had constructive notice thereof. While the date of recording would have been subsequent to the deed to Hook, it was a prior conveyance and hence in their chain of title. The Sheriff's deed was a consummating step in the foreclosure of the deed of trust and did convey all title held by Van Trease on May 17, 1929. It did not, however, convey that title until plaintiff had paid the amount bid at the Sheriff's sale. We are inclined to the view that actual or constructive notice of the Sheriff's deed would give full notice of the rights of plaintiffs. It is true that a Sheriff's deed alone is insufficient evidence of title. It must be fortified by the judgment and order of sale with the Sheriff's return thereon. It is, however, such an instrument as the law permits to be recorded. Recorded, it gives notice to subsequent purchasers and encumbrances in whose chain of title it appears. This deed, however, was by the grantor of defendants' grantor and bore date subsequent to the date of the deed to defendants' grantor. This being the case, it was not in the defendants' chain of title, White v. McGregor, supra. True, the deed does refer to the deed of trust; it refers to the judgment foreclosing same. The deed of trust is prior in date to the deed from Van Trease to Hook, prior in date to the deed from Hook to Fitzgerald. In our opinion, the recitals in the Sheriff's deed can not make it a part of defendants' chain of title. This is true, even though it did convey the title held by Van Trease on May 17, 1929. It was a subsequent conveyance by a prior grantor in defendants' chain of title. Fullenwider v. Ferguson, 30 Tex.Civ.App. 156, 70 S.W. 222, writ refused; Stanford v.

Dumas, Tex.Civ.App., 137 S.W.2d 1071; State v. Alford, Tex.Civ.App., 175 S.W.2d 678.

In each of the two cases last cited, applications for writs were denied on the ground of want of merit. It is the date of the conveyance and not the recitals therein that is determinative as to whether or not it is in the chain of title.

On November 8, 1935, the plaintiffs filed in Crane County an abstract of the judgment against Van Trease and wife. The conveyance to Hook was dated November 2, 1935, and for this reason, even though it would have been sufficient to create a lien against the property of Van Trease in Crane County, it did not as to this property create a lien for the reason that Van Trease did not own the property. Any lien created by or against Van Trease subsequent to his deed to Hook was not in the chain of title of defendants, and they were not charged with constructive notice thereof.

The judgment of the Trial Court was correct and the same is affirmed.